**Jeremiah R. POWELL, Appellant– Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 38A02–0007–CR–462.

Court of Appeals of Indiana.

June 22, 2001.

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

A jury found Jeremiah Powell guilty of attempted murder, a Class A felony. The

trial court modified the verdict to guilty but mentally ill, and sentenced Powell to serve an enhanced term of thirty-five years in prison. He now appeals his sentence. We reverse and remand.

### Issue

Powell raises two issues for our review, which we consolidate and restate as one: whether the trial court properly sentenced Powell to an enhanced term of thirty-five years.

### Facts and Procedural History

Nineteen-year-old Powell had a relationship with Aaron Glogas. After the relationship cooled, Powell went to the video store where Glogas worked, armed with a shotgun, and encountered Glogas and Glogas' new girlfriend. A shot was fired, although no one was hit. Ultimately, Glogas got the shotgun away from Powell and restrained Powell.

Powell was charged with attempted murder. His counsel filed a "Suggestion of Incompetency," and Powell was examined by two doctors, both of whom opined that Powell was competent to stand trial. A jury trial was held, at the conclusion of which the jury returned a verdict of guilty. Powell filed a motion requesting that the verdict be modified to guilty but mentally ill. The trial court granted the motion. The trial court then sentenced Powell to an enhanced term of thirty-five years' incarceration. The sentencing order, in relevant part, reads as follows:

The Court finds as follows:

1. Aggravating circumstances:

(a) The person is in need of correctional or rehabilitative treatment that can best be provided by commitment of the person to a penal facility.

(b) Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime.

2. Mitigating circumstances:

(a) The person has no history of delinquency or criminal activity, or the person has led a law-abiding life for a substantial period before commission of the crime.

The Court finds that the aggravating circumstances only slightly outweigh the mitigating circumstances, therefore, now sentences the Defendant as follows:

(a) the Defendant shall be imprisoned in the Indiana Department of Corrections [sic] for a period of thirty-five (35) years for the conviction of Attempted Murder, a Class A Felony. . . .

R. 138. Powell now appeals his sentence.

### Discussion and Decision

The presumptive sentence for the crime of attempted murder, a Class A felony, is thirty years, with not more than twenty years added for aggravating circumstances, and not more than ten years subtracted for mitigating circumstances. Ind. Code § 35–50–2–4. Powell contends that the trial court erred in sentencing him to an enhanced term of thirty-five years because it relied on improper aggravating circumstances, failed to consider a significant mitigating factor of which he presented evidence, and because the sentence is manifestly unreasonable.

### I. Standard of Review

It is well established that sentencing decisions lie within the discretion of the trial court. *O'Connell v. State,* 742 N.E.2d 943, 951 (Ind.2001). This includes the decision to enhance a sentence. *Id.* We review sentencing decisions only for an abuse of that discretion. *Ballard v. State,* 715 N.E.2d 1276, 1279 (Ind.Ct.App.1999). When enhancing a sentence, a trial court is required to state its specific reasons for doing so, and accordingly, the trial court's

sentencing statement must: (1) identify significant aggravating and mitigating circumstances; (2) state the specific reason why each circumstance is aggravating or mitigating; and (3) demonstrate that the aggravating and mitigating circumstances have been weighed to determine that the aggravators outweigh the mitigators. *Georgopulos v. State,* 735 N.E.2d 1138, 1143 (Ind.2000). We will examine both the written sentencing order and the trial court's comments at the sentencing hearing to determine whether the trial court adequately explained the reasons for the sentence. *Davies v. State,* 730 N.E.2d 726, 741 (Ind.Ct.App.2000), *trans. denied, cert. denied,* —— U.S. ——, 121 S.Ct. 1410, 149 L.Ed.2d 352 (2001). However, "[a] sentence enhancement will be affirmed in spite of a trial court's failure to specifically articulate its reasons if the record indicates that the court engaged in the evaluative processes and the sentence imposed was not manifestly unreasonable." *Buzzard v. State,* 712 N.E.2d 547, 554 (Ind.Ct. App.1999), *trans. denied.*

■■■ "The trial judge is responsible for determining the appropriate weight of aggravating and mitigating factors in sentencing." *Hurt v. State,* 657 N.E.2d 112, 115 (Ind.1995). Aggravating circumstances may include, but are not limited to, any of several factors enumerated in Indiana Code § 35–38–1–7.1. A single proper aggravating factor is sufficient to support an enhanced sentence. *Craig v. State,* 737 N.E.2d 442, 445 (Ind.Ct.App. 2000). Even where the trial court considers improper aggravators in imposing a sentence, the sentence will be affirmed if it is otherwise supported by a legitimate aggravator. *Davies,* 730 N.E.2d at 742.

■■■ The finding of mitigating circumstances is within the discretion of the trial court. *Hackett v. State,* 716 N.E.2d 1273, 1277–78 (Ind.1999). An allegation that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Id.* The trial court is not obligated to accept the defendant's contentions as to what constitutes a mitigating circumstance. *Id.*

■■■ Article 7, Section 6 of the Indiana Constitution charges this Court with the responsibility to review and revise sentences "to the extent provided by rule." Indiana Appellate Rule 17(B) in turn provides as follows:

> The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

A sentence is manifestly unreasonable when it is clearly, plainly and obviously so. *Evans v. State,* 725 N.E.2d 850, 851 (Ind. 2000). Moreover, inasmuch as the sentencing process is inherently subjective, this Court will not substitute its own judgment for that of the trial court. *Hurt,* 657 N.E.2d at 114.

## II. Aggravating Circumstances

As noted above, the trial court's order sentencing Powell to an enhanced thirty-five year term cited "[t]he person is in need of correctional or rehabilitative treatment that can best be provided by commitment of the person to a penal facility" and "[i]mposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime" as aggravating circumstances. In addition, at the sentencing hearing, the trial court made the following statements with respect to the aggravating circumstances:

The person's need of correctional rehabilitative treatment that can best be provided by the commitment of the person to a penal facility; That's at least one thing the court has to consider.

\* \* \*

Dealing first with the nature and circumstances of the crime, we have a crime here that according to the evidence, was carried out ... over a period of time. Went out and went through the buying process with regard to the shotgun, getting information and subsequently getting a slug load for the shotgun as opposed to a shot load. There was some thought given to it. He carried it in under a blanket, went into a store that could have very likely have had other people in it as well as the victims or the victim of this case.... But there was a danger to other people there and the court has to take that in to [sic] consideration and that's an aggravation in this circumstance. The court also takes into consideration the victim's statement and there is just no doubt that when you're looking down the barrel of a gun, that barrel looks awfully big and it's awfully scary. And when it discharges next to you and it could of [sic] just as easily of [sic] hit you or anybody else that was around, that's awfully scary and it's understandable that a victim would suffer consequences for a long time afterward thinking about this. And the court certainly will take that into consideration.

\* \* \*

One (1) factor that is applicable by way of aggravation is that imposition of a reduced sentence or a suspension of the sentence and probation would depreciate the seriousness of the crime, this court, and I personally have set [sic] here for a number of years and seen a number of cases that have gotten very bad when somebody starts out to do something and it didn't turn out the way that person thought it might turn out. And we just cannot allow people to set things like that in motion, and be left to deal with the consequences afterwards when things go awry. And the court does believe that's an aggravating circumstance here; That he did set some things in motion and it could have been any number of outcomes.... And I think that's a pretty important aggravating factor here.

R. 1039, 1041–43. Thus, it appears that the trial court actually relied on three aggravating factors: 1) the defendant was in need of correctional treatment that could best be provided at a penal facility; 2) imposition of a reduced sentence would depreciate the seriousness of the crime; and 3) the nature and circumstances of the crime.

### A. Need for Correctional Treatment

▮ The trial court cited in its sentencing order that Powell was in need of correctional or rehabilitative treatment that could best be provided by commitment to a penal facility. However, neither the order nor the trial court's statements at the sentencing hearing explain why this is so. As stated above, the trial court's sentencing statement must state the specific reason why each circumstance is aggravating. *Georgopulos*, 735 N.E.2d at 1143. Moreover, with respect to this specific aggravating circumstance, the trial court must explain why the defendant is in need of correctional treatment that can best be provided by a period of incarceration in excess of the presumptive term. *Mayberry v. State*, 670 N.E.2d 1262, 1271 (Ind.1996). The trial court did state that "according to everything that has been put before the court, you do have a law abiding life for [a] substantial period of time prior to the crime." R. 1043. There is nothing

in the record to indicate that Powell had ever been incarcerated before. Therefore, there is nothing in the record to support the conclusion that the presumptive period of incarceration would not be sufficient to give Powell the necessary correctional and rehabilitative treatment. *See Simmons v. State*, 746 N.E.2d 81, 91 (Ind.Ct.App.2001) ("As Simmons has never served an entire presumptive sentence, we fail to see why incarceration in a penal facility in excess of the presumptive sentence would be appropriate."). We hold that reliance upon this aggravating circumstance was improper.

### B. Depreciating the Seriousness of the Crime

 The trial court also relied upon the fact that imposing a reduced sentence would depreciate the seriousness of the crime. However, our supreme court has made it clear, and we have stated on numerous occasions, that this aggravating circumstance is only to be used when the trial court considers imposing a sentence less than the presumptive. *Price v. State*, 725 N.E.2d 82, 85 (Ind.2000); *Hatchett v. State*, 740 N.E.2d 920, 929 (Ind.Ct.App. 2000), *trans. denied.* In this case, there is no evidence that the trial court was considering imposing less than the presumptive sentence. The prosecutor requested that the maximum penalty be imposed. R. 1033. A trial court may properly consider as an aggravating circumstance the nonstatutory factor that imposition of "less than the enhanced term" would depreciate the seriousness of the crime. *Simmons*, 746 N.E.2d at 90. However, the trial court did not indicate that it was doing so in this case. Thus, reliance upon this factor was improper.

### C. Nature and Circumstances of the Crime

 At the sentencing hearing, the trial court also gave some emphasis to the nature and circumstances of the crime as an aggravating circumstance. This is a valid aggravator pursuant to Indiana Code section 35–38–1–7.1(a)(2), and as stated above, a single proper aggravating factor may be sufficient to support an enhanced sentence. *Craig*, 737 N.E.2d at 445. However, in this case, we are not inclined to so hold. The trial court cited no specific facts or circumstances which set this crime apart from that which are generally associated with this criminal act. Additionally, the trial court specifically stated that "the aggravating factors are about equal to the mitigating factors" and that "[t]he court at this time feels that the aggravating circumstances only slightly exceed those mitigating circumstances...." R. 1044. Therefore, absent the two aggravating circumstances which we have held to be improper, the balance could clearly weigh in favor of the mitigating circumstances. Based upon the trial court's sentencing statements, we hold that the imposition of an enhanced sentence was erroneous.

### III. Mitigating Circumstances

 Powell also contends that the trial court failed to consider a significant mitigating circumstance, his mental illness. We agree.

 The trial court is not required to find mitigating factors, nor is it obligated to accept as mitigating each of the circumstances proffered by the defendant. *Johnson v. State*, 734 N.E.2d 242, 246 (Ind. 2000). "Only when the trial court fails to find a significant mitigator that is clearly supported by the record is there a reasonable belief that it was overlooked." *Legue v. State*, 688 N.E.2d 408, 411 (Ind.1997). Our supreme court has stated that a "guilty but mentally ill" defendant "is not automatically entitled to any particular credit or deduction from his otherwise ag-

gravated sentence" simply because he is mentally ill. *Archer v. State*, 689 N.E.2d 678, 684 (Ind.1997). This is because the legislature has made it clear that a defendant found guilty but mentally ill is to be sentenced "in the same manner as a defendant found guilty of the offense." Ind. Code § 35–36–2–5(a). Nonetheless, trial courts should, at a minimum, carefully consider on the record what mitigating weight, if any, to accord to evidence of mental illness, even though there is no obligation to give the evidence the same weight the defendant does. *Weeks v. State*, 697 N.E.2d 28, 30 (Ind.1998). "A verdict of guilty but mentally ill may signal that significant evidence of mitigating value on the point has been presented." *Id.*

In this case, Powell offered evidence that he was mentally ill, and the trial court apparently considered that evidence to be compelling enough to modify the jury verdict from guilty to guilty but mentally ill upon Powell's motion. Nonetheless, the trial court wholly failed to mention Powell's mental illness as a mitigating circumstance during sentencing, but rather, specifically rejected considering the mental illness evidence during sentencing: "[t]hen there is certainly an element, and I don't think that any body [sic] disputes this, and from the very beginning it's always been an element of mental instability in this case. And that's something I want to take up separately after I've done sentencing on this ... because they are two (2) different issues." R. 1042. Accordingly, we agree with Powell that the trial court erred in failing even to consider the evidence of his mental illness as a mitigating circumstance affecting sentencing.

Because we have determined that the trial court erred in imposing an enhanced

sentence, and because we have held that the trial court also erred in failing to consider the evidence of Powell's mental illness as a mitigating circumstance, we reverse the thirty-five year sentence and remand for resentencing. In so doing, we instruct the trial court to determine whether the presumptive sentence is appropriate, or some sentence less than the presumptive based upon a consideration of the evidence of mental illness.[1]

### Conclusion

The trial court erroneously considered certain aggravating circumstances, and its sentencing statement does not support affirming the enhanced sentence based upon the remaining aggravating circumstance. The trial court also erroneously failed to consider evidence of Powell's mental illness during sentencing. Accordingly, the thirty-five year sentence is reversed, and we remand with instructions for the trial court to resentence Powell.

Reversed and remanded.

BROOK and VAIDIK, JJ., concur.

---

1. As we have determined that the thirty-five year sentence is inappropriate because it is not supported by aggravating circumstances, we need not address Powell's separate contention that the sentence is manifestly unreasonable.