**Daniel S. FLAMMER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 51A01–0207–CR–241.

Court of Appeals of Indiana.

April 14, 2003.

Susan K. Carpenter, Public Defender of Indiana, David P. Freund, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy At-

torney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Daniel S. Flammer (Flammer), appeals the sentence imposed on him by the trial court.

We affirm.

### ISSUES

Flammer raises two issues on appeal, which we restate as follows:

1. Whether the trial court properly evaluated his aggravating and mitigating factors when it imposed an enhanced sentence; and

2. Whether the trial court imposed a manifestly unreasonable sentence.[1]

### FACTS AND PROCEDURAL HISTORY

On January 26, 2000, the State filed an information in the Martin Circuit Court against Flammer, alleging that he committed the offense of Count I, murder, Ind. Code § 35–42–1–1, by intentionally killing his wife, Cathy A. Flammer (Cathy). On July 18, 2000, the State filed an additional information, charging Flammer with Count II, voluntary manslaughter, a Class A felony, I.C. § 35–42–1–2, by knowingly killing Cathy by means of a handgun while acting under sudden heat.

On October 12, 2001, pursuant to a plea agreement, Flammer pled guilty to Count II, voluntary manslaughter, a Class A felony. Under the terms of the plea agreement, the State agreed to dismiss Count I, the murder charge against Flammer, and to leave the issue of sentencing to the discretion of the trial court. Further, the State agreed not to object to Flammer's request for a change of judge for the purpose of sentencing Flammer.

On October 12, 2001, a guilty plea hearing was held. At the hearing, the trial court found that Flammer understood the nature of the charges against him, that he was entering his plea of guilty to the crime of voluntary manslaughter, freely and voluntarily, and that there was a factual basis for the plea of guilty. At the request of Flammer and the State, the trial court found that it was not necessary to wait until a Pre–Sentence Investigation Report was completed and considered before accepting Flammer's guilty plea and entering a Judgment of Conviction. Thus, on the same date, the trial court accepted Flammer's guilty plea to the offense of voluntary manslaughter, a Class A felony, and entered a Judgment of Conviction against Flammer for voluntary manslaughter, a Class A felony.

On October 31, 2001, Flammer filed his Motion for Change of Venue from the Judge for the Purposes of Sentencing. On November 16, 2001, the trial court granted Flammer's motion.

On May 1 and May 2, 2002, a sentencing hearing was held. After hearing and receiving evidence, the trial court issued, in relevant part, the following sentence:

> The Court being duly advised in the premises, now ORDERS, ADJUDGES, AND DECREES as follows:
>
> 1. That on Count II, Voluntary Manslaughter, a Class A felony, the

---

1. On July 19, 2002, our Supreme Court amended Appellate Rule 7(B) effective January 1, 2003. The rule is directed to the reviewing court and sets forth the standard for that review. That review is made as of the date the decision or opinion is handed down. Accordingly, although the sentence here was imposed prior to January 1, 2002, our review has taken place as of this date and the "inappropriate" test is therefore applied.

Court determines that the Defendant Daniel S. Flammer, shall be imprisoned for a period of fifty (50) years (thirty years presumptive sentence plus an additional term of twenty years for the aggravating circumstances set forth above).

(Appellant's Appendix p. 431).

Flammer now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

At the outset, we note that sentencing decisions are within the trial court's discretion, and will be reversed only upon a showing of abuse of discretion. *Powell v. State,* 751 N.E.2d 311, 314 (Ind. Ct.App.2001). The trial court's sentencing discretion includes the determination of whether to increase presumptive penalties. *Madden v. State,* 697, N.E.2d 964, 967 (Ind.Ct.App.1998), *trans. denied.* In doing so, the trial court determines which aggravating and mitigating circumstances to consider, and is solely responsible for determining the weight to accord each of these factors. *Perry v. State,* 751 N.E.2d 306, 309 (Ind.Ct.App.2001). The sentencing statement must: (1) identify significant aggravating and mitigating circumstances; (2) state the specific reason why each circumstance is aggravating and mitigating; and (3) demonstrate that the aggravating and mitigating circumstances have been weighed to determine that the aggravators outweigh the mitigators. *Powell,* 751 N.E.2d at 315. We examine both the written sentencing order and the trial court's comments at the sentencing hearing to determine whether the trial court adequately explained the reasons for the sentence. *Id.* A sentence enhancement will be affirmed if, after due consideration of the trial court's decision, this court finds that the sentence was appropriate in light of the nature of the offense and the character of the offender. *See* Ind. Appellate Rule 7(B).

### II. *Imposition of an Enhanced Sentence*

Flammer argues that he was improperly sentenced. Specifically, Flammer contends that the trial court failed to properly balance the mitigating and aggravating circumstances when imposing his sentence. Additionally, Flammer maintains that the trial court improperly relied on aggravating factors to enhance his sentence.

In the present case, Flammer received fifty years for his conviction. The presumptive sentence for a Class A felony is thirty years, with not more than twenty years added for aggravating circumstances or not more than ten years subtracted for mitigating circumstances. *See* I.C. § 35-50-2-4. In support of its sentence, the trial court noted the following aggravating factors:

1. Pursuant to I.C. 35-38-1-7.1(b)(3), the Court finds that [Flammer] is in need of correctional or rehabilitative treatment that can best be provided by the commitment of [Flammer] to a penal facility. The Court makes this determination because [Flammer] has committed a violent and senseless criminal act that has resulted in the death of his wife. The Court finds that [Flammer] should be separated from our citizens for their protection.

2. Pursuant to I.C. 35-38-1-7.1(d), the Court finds as an additional aggravating factor the severe emotional trauma that [Flammer] has caused to his six children by killing their mother and then forcing the children to cooperate in the hiding of the victim's body, in destroying evidence, in assisting [Flammer] in

abandoning the victim's vehicle, and in intimidating the children into lying to police authorities. The Court determines that the children of [Flammer] will always have psychological scars from these events and that the children's emotional problems have been caused by the actions of [Flammer].

(Appellant's App. pp. 3–4). Additionally, the trial court stated the following as mitigating circumstances:

1. Pursuant to I.C. 35–38–1–7.1(c)(6), the Court finds that [Flammer], has no history of delinquency or criminal activity.

2. Pursuant to I.C. 35–38–1–7.1(d), the Court finds that [Flammer], suffers from a personality disorder, that while providing no excuse or justification for his crime, did have an impact upon his relationships with his wife and children.

(Appellant's App. pp. 4–5).

### A. *Aggravating Circumstances*

Flammer argues that the trial court improperly relied on aggravating factors to enhance his sentence. Specifically, Flammer claims that the trial court improperly considered that there was a significant risk that he would commit another crime as a partial basis for its finding that Flammer was in need of correctional or rehabilitative treatment that can best be provided by committing him to a penal facility. Additionally, Flammer contends that the trial court did not provide a statement describing why he was in need of correctional or rehabilitative treatment beyond the presumptive term.

### 1. *Significant Risk that Flammer Would Commit Another Crime*

First, Flammer argues that the trial court improperly determined that there was a significant risk that he would commit another crime. In particular, Flammer contends that there is no evidence in the record to support the trial court's conclusion that there is a significant risk that he would commit another crime. Alternatively, the State maintains that the trial court was presented with sufficient evidence at the sentencing hearing to support its conclusion, that Flammer might commit another crime, as an aggravating circumstance. We agree.

Indiana Code § 35–38–1–7.1, in pertinent part, states: "In determining what sentence to impose for a crime, the court *shall* consider: (1) the risk that the person will commit another crime." I.C. § 35–38–1–7.1(a)(1) (emphasis added).

In the present case, the trial court determined that it was unlikely that Flammer would take another life. Nevertheless, the trial court was concerned that Flammer had little insight into how his own actions brought about the tragedy resulting in the death of his wife and the impact of her death upon their children. The record reveals that Flammer suffers from paranoid personality disorder and delusional disorders or schizo-effective disorder. After initially being diagnosed with this disorder, Flammer took anti-psychotic drugs to control his disorder. However, Flammer stopped taking the drugs and his personality became argumentative, aggressive, controlling and delusional. In particular, the record reflects that Flammer started to accuse Cathy of having affairs with other men, taking drugs, and engaging in prostitution. Additionally, Flammer told the children that Cathy was cheating on him, and that she was going out with everyone at Buy–Low, where she worked, or everyone in Martin County. Based upon his delusions, Flammer confronted several of the men with whom he believed Cathy was having an affair. Furthermore,

testimony at the sentencing hearing indicated that at various times Flammer told the children that he was so mad at Cathy that he could kill her or that he would shoot her with various weapons.

Moreover, Dr. Holsworth, an expert psychologist, testified at the sentencing hearing that if Flammer were not in a controlled situation and was left on his own devices for treatment, he probably would not get the necessary treatment that he needs. Clearly, the record supports the conclusion that, without treatment or the proper medication, Flammer can again become aggressive and confrontational. Thus, based upon the aforementioned, the trial court properly determined that there was a significant risk that Flammer would commit another crime. *See* I.C. § 35–38–1–7.1(a)(1).

### 2. *Need of Correctional or Rehabilitative Treatment in a Penal Facility* [2]

Next, Flammer asserts that the trial court did not provide a correct statement for why he "was in need of correctional and rehabilitative treatment that could best be provided in a penal facility." (Appellant's Br. p. 30). Every executed sentence entails incarceration. *Wooley v. State,* 716 N.E.2d 919, 932 (Ind.1999). The question is whether extended incarceration is appropriate. *Id.* Thus, for this aggravating circumstance to justify in part an enhanced sentence, it must be understood to mean that Flammer is in need of correctional and rehabilitative treatment that can best be provided by a period of incarceration in a penal facility in excess of the presumptive sentence term. *Id.* However, in order to use this aggravator to enhance a sentence beyond the presumptive term, "the trial court *must provide a specific or individualized statement* of the reason why this defendant was in need of correctional and rehabilitative treatment that could best be provided by a period of incarceration in a penal facility in excess of the presumptive sentence term." *Hollins v. State,* 679 N.E.2d 1305, 1308 (Ind.1997) (emphasis added).

Here, in its sentencing order, the trial court stated, in relevant part:

1. Pursuant to I.C. 35–38–1–7.1(b)(3), the Court finds that [Flammer] is in need of correctional or rehabilitative treatment that can best be provided by the commitment of [Flammer] to a penal facility. The Court makes this determination because [Flammer] has committed a violent and senseless criminal act that has resulted in the death of his wife. The Court finds that [Flammer] should be separated from our citizens for their protection.

(Appellant's App. p. 3). Additionally, the record supports that this act was committed while one of the parties' six children was sleeping a few feet away. The record further revealed that Flammer attempted to hide his crime by enlisting the aid of his children to hide Cathy's body and to destroy evidence of the crime. Flammer also intimidated his children into silence concerning his actions; as a result, his actions have had a devastating impact on the parties' six children. For these reasons, the trial court stated that Flammer needed to be separated from our citizens for the protection of our people. Therefore, we find that the trial court provided a specific and individualized statement of reason why Flammer was in need of time in a penal institution in excess of the pre-

---

**2.** Under I.C. § 35–38–1–7.1(b)(3), the trial court *may* consider as an aggravating factor that the person is in need of correctional or rehabilitative treatment that can best be provided by commitment of the person to a penal facility.

sumptive sentence. *Hollins*, 679 N.E.2d at 1308. Accordingly, it is our determination that the trial court properly considered this as an aggravating circumstance. *See* I.C. § 35–38–1–7.1(b)(3).

### B. *Weighing of Aggravators and Mitigators*

■ In the instant case, the trial court properly identified mitigating circumstances in its sentencing order. As stated above, the mitigating circumstances were as follows: 1) Flammer has no history of delinquency or criminal activity and 2) Flammer suffers from a personality disorder, that while providing no excuse or justification for his crime, did have an impact upon his relationships with his wife and children. It appears that the trial court considered these mitigators; however, based upon the significant aggravating factors identified by the trial court, the aggravators outweighed the mitigating circumstances. Therefore, the imposition of an enhanced sentence is justified.

With all of this in mind, it is our determination that the trial court did not abuse its discretion when sentencing Flammer. *See Powell*, 751 N.E.2d at 314. Here, the trial court properly demonstrated that the aggravating and mitigating circumstances were weighed to determine that the aggravators outweighed the mitigators. Therefore, we find that the trial court properly evaluated Flammer's aggravating and mitigating circumstances when it imposed an enhanced sentence. Nevertheless, Flammer also asserts that his sentence is manifestly unreasonable. Therefore, we will address sentencing further in the following section under an inappropriate sentence analysis.

### II. *Inappropriate Sentence*

■ A sentence, which is authorized by statute, will not be revised unless it is inappropriate in light of the nature of the offense and the character of the offender. App. R. 7(B); *Buchanan v. State*, 767 N.E.2d 967, 972–73 (Ind.2002). When considering the appropriateness of the sentence for the crime committed, courts should initially focus upon the presumptive sentence. *Hildebrandt v. State*, 770 N.E.2d 355, 361 (Ind.Ct.App.2002), *trans. denied.* Trial courts may then consider deviation from the presumptive sentence based upon a balancing of the factors, which must be considered pursuant to I.C. § 35–38–1–7.1(a) together with any discretionary aggravating and mitigating factors found to exist. *Hildebrandt*, 770 N.E.2d at 361.

As previously mentioned, Flammer pled guilty to the charge of voluntary manslaughter, a Class A felony. The presumptive sentence for a Class A felony is thirty years, with not more than twenty years added for aggravating circumstances or not more than ten years subtracted for mitigating circumstances. *See* I.C. § 35–50–2–4. Here, the trial court sentenced Flammer to the maximum sentence of fifty years for his conviction. Now, Flammer disputes the imposition of the maximum possible sentence by challenging the trial court's assessment of his mental condition and his lack of criminal history. Specifically, Flammer contends that his sentence was manifestly unreasonable given the fact that the trial court found significant mitigating factors that should have been balanced to outweigh the aggravators.

When reviewing whether a defendant was properly sentenced, we consider whether the sentence is appropriate considering the "nature of the offense" and the "character of the offender." *See* App. R. 7(B). Here, the trial court properly found that Flammer committed a violent and senseless criminal act that resulted in the death of his wife and trauma to his children. The record reveals that Flam-

mer repeatedly told his children that he was going to kill Cathy and how he planned to kill her with various weapons. Not only did Flammer kill his wife while his youngest child was a few feet away in the same room, but he also solicited his children's help to dispose of Cathy's body and clothing. Further, Flammer intimidated his children into lying to the Sheriff's Department when being interviewed about their mother's whereabouts. As shown above, the trial court properly weighed the aggravating and mitigating circumstances. Consequently, it is our determination that the trial court properly considered the nature of the offense when enhancing Flammer's sentence. *See* App. R. 7(B).

▮ In addition to the traditional balancing of aggravating and mitigating circumstances, we review the sentence to assure that it is constitutionally proportionate to the "character of the offender." *Borton v. State*, 759 N.E.2d 641, 648 (Ind. Ct.App.2001). This court is mindful of the principle that "the maximum sentence enhancement permitted by law should be reserved for the very worst offenses and offenders." *Id.* In the present case, the trial court properly found that Flammer did not have a prior criminal history. However, the record reveals that Flammer does have a history of mental illness. At the sentencing hearing, Dr. Holsworth testified that Flammer functioned better in a controlled environment where he knew what to expect and how to behave. Although the trial court considered Flammer's mental illness a mitigator, the trial court noted that his mental illness did not excuse his actions.

Furthermore, the record reveals that Flammer's mental illness will continue to impact his daily life because he refuses to take the required medication. Dr. Holsworth testified that if Flammer was not in a controlled situation and was left to his own devices for treatment, he would not get the necessary treatment and as a result would continue to have delusional beliefs and would act, based upon his delusions.[3] Therefore, given Flammer's character, there is a likelihood that Flammer will commit another crime. *See* I.C. § 35–38–1–7.1(a)(1). Here, both the nature of the offense and the character of the offender support an enhanced sentence.

As we previously stated, when reviewing sentences for reasonableness, we are mindful of the principle that "the maximum sentence enhancement permitted by law should be reserved for the very worst offenses and offenders." *Borton*, 759 N.E.2d at 648. We find that Flammer and his offense falls into this category. Therefore, with the above in mind, we find that the maximum sentence imposed by the trial court was appropriate.

### CONCLUSION

Based on the foregoing, we conclude that the trial court properly evaluated Flammer's aggravating and mitigating circumstances and, therefore, the sentence was not inappropriate.

Affirmed.

BAKER and MATHIAS, JJ., concur.

---

**3.** Under these facts and circumstances, *Biehl v. State*, 738 N.E.2d 337 (Ind.Ct.App.2000), is easily distinguishable.