Kenneth B. FARRIS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 64A03–0211–CR–392.

Court of Appeals of Indiana.

May 8, 2003.

---

James V. Tsoutsouris, Public Defender of Porter County, Matthew D. Soliday, Deputy Public Defender, Valparaiso, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Kenneth B. Farris (Farris), appeals the sentence imposed on him by the trial court.

We affirm.

### ISSUE

Farris raises one issue for our review, which we restate as follows: whether his sentence was manifestly unreasonable.[1]

### FACTS AND PROCEDURAL HISTORY

On January 3, 1996, the State filed an information against Farris, charging him with one count of forgery, a Class C felony, Ind.Code § 35–43–5–2. On July 8, 2002, Farris pled guilty to forgery as a Class C felony. The trial court found that Farris understood the nature of the charge, the penalties for that charge, that the plea was entered freely and voluntarily, and that a factual basis existed. The trial court then placed the guilty plea under advisement.

On September 16, 2002, the trial court conducted a sentencing hearing. At the sentencing hearing, Farris testified that he obtained a driver's license under the victim's name, "Billie Joe Rood", and started bouncing a series of checks across the United States. Farris claimed that he was initially arrested, convicted, and sentenced in Lake County, Indiana for using the identity of the victim, Billie Joe Rood, to commit fraud against a financial institution. After his incarceration in Lake County, Indiana, Farris was turned over to Porter County, Indiana. Once he was released from Porter County, Indiana, Farris went to jail in Chicago, Illinois. In May of 1997, Farris was incarcerated in Arizona for approximately five years.

Additionally, Farris testified that he served a total of six actual years for crimes related to assuming the identity of Billie Joe Rood. Farris further stated that he has pending charges in other jurisdictions regarding the use of Billie Joe Rood's identity. Specifically, Farris has pending charges in Tippecanoe County, Indiana, Salina County, Kansas, and an additional hold for violation of probation in Florida.

---

1. On July 19, 2002, our supreme court amended Appellate Rule 7(B) effective January 1, 2003. The rule is directed to the reviewing court and sets forth the standard for that review. That review is made as of the date the decision or opinion is handed down. Accordingly, although the sentence here was imposed prior to January 1, 2003, our review has taken place as of this date and the "inappropriate" test is therefore applied.

Farris contends that his series of offenses in Billie Joe Rood's name throughout the country was an episode of criminal conduct under I.C. § 35–50–1–2. Farris also testified that while he was incarcerated in Arizona, he obtained his GED, began college coursework, and attended Alcoholics Anonymous and Narcotics Anonymous meetings, all on his own accord. Farris completed every program in which the Arizona Department of Correction allowed him to participate. In addition, Farris testified that for the last five years of his imprisonment he has remained at the lowest level of prison status, which is "trustee status." (Transcript p. 17). Therefore, Farris has maintained a "crystal clear" prison record. (Tr. p. 17). Farris further testified that he has five children and that his incarceration imposes a hardship upon them.

At this sentencing hearing, the trial court also heard from Billie Joe Rood (Rood). Specifically, Rood read his victim's statement aloud. This statement shows that Rood's life has been seriously affected by Farris' actions. Because of Farris' actions, Rood was fired from his job as a truck driver and he was arrested on two occasions. Under Rood's name, Farris accumulated at least thirty-nine felony charges. Rood has been forced to reconstruct his life, from his credit to his self-confidence. As a result, the State recommended that Farris receive the maximum allowable sentence. The Pre–Sentence Investigation Report also recommended that Farris receive the maximum allowable sentence for forgery, as a class C felony.

Accordingly, the trial court accepted Farris' guilty plea and sentenced Farris to eight years, the maximum allowable sentence for forgery as a Class C felony. In support of the enhanced sentence, the trial court articulated the following statement:

Well, I guess I'll answer the last question first. The answer to that is eight years on this count.

This is the easiest sentencing statement that I've ever done. The aggravating circumstances just literally jump out of the pre-sentence report. I've never seen a previous criminal history of this length before. And because several of the felonies were committed at the same time, they aren't all entered as convictions. In quickly going through the pre-sentence, I see 18 misdemeanor convictions and 14 felony convictions, out of 30 some charges. Of course, there are some yet to go.

Anyway, the court accepts the defendant's plea of guilty and enters judgment of conviction of the defendant on one count of forgery, a Class C felony. The court finds as aggravating circumstances, the defendant's extensive prior criminal history as set out in the pre-sentence report, as if any more were needed, but I'll find them, anyway, because they are there. The second is that the defendant was on probation at the time of the instant offense. And, third, is the severe effect that this offense had on the victim in this cause, as evidenced in some of the comments in the pre-sentence report and Mr. Rood's victim's statement.

I wish I could treat this as a murder. In effect, there has been an identity that has been killed, as Mr. Rood pointed out in his statement. Eight years is the maximum I can give on this, so eight years is what it is.

(Tr. pp. 31–2). Thereafter, the trial court awarded Farris credit time of 172 days. Additionally, the trial court ordered that Farris serve his sentence consecutive to any other sentences that he was presently under.

Farris now appeals.

## DISCUSSION AND DECISION

Farris argues that his enhanced sentence is manifestly unreasonable. Specifically, Farris maintains that the trial court failed to identify any mitigating factors to weigh against the identified aggravating factors. Alternatively, the State asserts that the trial court properly enhanced Farris' sentence. We will review Farris' sentence under the "inappropriate" analysis. *See Rodriguez v. State*, 785 N.E.2d 1169, 1174 (Ind.Ct.App.2003); Appellate Rule 7(B).

Sentencing decisions are within the trial court's discretion, and will be reversed only upon a showing of abuse of discretion. *Powell v. State*, 751 N.E.2d 311, 314 (Ind.Ct.App.2001). The trial court's sentencing discretion includes the determination of whether to increase presumptive penalties. *Madden v. State*, 697 N.E.2d 964, 967 (Ind.Ct.App.1998), *trans. denied*. In doing so, the trial court determines which aggravating and mitigating circumstances to consider, and is solely responsible for determining the weight to accord each of these factors. *Perry v. State*, 751 N.E.2d 306, 309 (Ind.Ct.App. 2001). The sentencing statement must: (1) identify significant aggravating and mitigating circumstances; (2) state the specific reason why each circumstance is aggravating and mitigating; and (3) demonstrate that the aggravating and mitigating circumstances have been weighed to determine that the aggravators outweigh the mitigators. *Powell*, 751 N.E.2d at 315. We examine both the written sentencing order and the trial court's comments at the sentencing hearing to determine whether the trial court adequately explained the reasons for the sentence. *Id.* A sentence enhancement will be affirmed, if after due consideration of the trial court's decision, this court finds that the sentence was appropriate in light of the nature of offense and the character of the offender. *See*

*Rodriguez*, 785 N.E.2d at 1174; App. R. 7(B).

A single aggravating circumstance may be sufficient to enhance a sentence. *Kien v. State*, 782 N.E.2d 398, 411 (Ind.Ct.App.2003). Moreover, the trial court is not required to find mitigating factors or to accept as mitigating the circumstances proffered by the defendant. *Powell v. State*, 751 N.E.2d 311, 317 (Ind. Ct.App.2001).

In the present case, Farris was sentence to eight years for committing forgery, a Class C felony. The presumptive sentence for a Class C felony is four years, with not more than four years added for aggravating circumstances, and not more than two years subtracted for mitigating circumstances. *See* I.C. § 35–50–2–6. Thus, the trial court sentenced Farris to the maximum sentence of eight years for his forgery conviction. In support of its sentence, the trial court articulated the following as aggravating factors: 1) Farris' extensive criminal history; 2) Farris was on probation at the time of the instant offense; and 3) the severe effect of this offense on the victim. Farris does not challenge the validity of these aggravating circumstances. Clearly, any one of these aggravating factors was sufficient to support the trial court's imposition of the enhanced sentence. *See Kien*, 782 N.E.2d at 411.

First, Farris argues that the trial court failed to identify significant mitigating factors. However, we find that the trial court properly rejected Farris' proffered mitigating factors. As stated above, the trial court is not required to find mitigating factors or to accept as mitigating the circumstances proffered by Farris. *See Powell*, 751 N.E.2d at 317. In fact, an allegation that the trial court failed to identify or find a mitigating circumstance requires the defendant to establish that

the mitigating evidence is both significant and clearly supported by the record. *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999). Only when the trial court fails to find a significant mitigator that is clearly supported by the record is there a reasonable belief that it was properly overlooked. *Jimmerson v. State*, 751 N.E.2d 719, 722 (Ind.Ct.App.2001).

Here, Farris fails to demonstrate that the imposition of the enhanced sentence would create an undue hardship to his five children. At the sentencing hearing, Farris testified that his ex-wife left with his children after his incarceration in Arizona and he does not have any contact with them. Therefore, it appears that Farris does not provide any financial support for these children and does not have any court-ordered obligation to do so. Again, the trial court is not required to find mitigating factors proffered by the defendant. *See Powell*, 751 N.E.2d at 317. Specifically, the trial court is not required to find that a defendant's incarceration would result in undue hardship upon his dependents. *Allen v. State*, 743 N.E.2d 1222, 1237 (Ind.Ct.App.2001), *reh'g denied*, *trans. denied.* Thus, we find that the trial court properly rejected this proffered mitigating factor. *See id.*

Next, Farris argues that the trial court failed to consider his plea of guilty as a mitigating factor. In this case, Farris failed to demonstrate that his guilty plea should have been considered as a mitigating factor by the trial court. While a plea of guilty may be a mitigating factor as it saves court time and judicial resources, the trial court is not required to find Defendant's plea of guilty mitigating, nor of great weight. *See Widener v. State*, 659 N.E.2d 529 (Ind.1995). Further, the record reflects that Farris' charge for forgery was pending for six years before he pled guilty. Accordingly, we find that the trial court properly rejected this proffered mitigating factor. *See Powell*, 751 N.E.2d at 317.

Farris further contends that the trial court should have compared his offenses and his character to other offenses and offenders. In *Brown v. State*, 760 N.E.2d 243 (Ind.Ct.App.2002), *trans. denied*, we articulated a new analysis to determine whether a case is among the very worst offenses and a defendant among the very worst offenders, thus justifying the maximum sentence. Under this analysis, we should concentrate less on comparing the facts of this case to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character. *Id.* at 247.

When reviewing Farris' character, the nature of his offense of forgery leaves little to the imagination. In the present case, Farris assumed Rood's identity and committed at least thirty-nine offenses under his name across the country. He also lived under at least twelve other aliases. Farris accumulated eighteen misdemeanor convictions and fourteen felony convictions in his thirty-seven years of life. He also has several pending charges and a probation violation on his record. Here, the effects of Farris' crimes on Rood were devastating. Farris' adoption of Rood's identity negatively permeated every aspect of Rood's life. As previously mentioned, Rood was fired from his job as a truck driver. He was arrested on two occasions for offenses that Farris committed. His credit was destroyed. Rood cannot secure a full-time position in law enforcement because of the remaining charges pending against Farris in Rood's name throughout the country. As stated in his victim's statement, "Mr. Farris has killed my name, 'Billie Joe Rood.'" (Tr. p. 25). Farris' offense of forgery has also de-

stroyed Rood's self-confidence and his ability to provide for his family. As a result, Farris' character and the nature of his crime of forgery are heinous.

■ With the above in mind, we find the trial court properly rejected Farris' argument that his series of offenses in Rood's name throughout the country constituted an episode of criminal conduct under I.C. § 35–50–1–2.[2] An episode is "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series." *O'Connell v. State*, 742 N.E.2d 943, 950 (Ind.2001) (quoting *Tedlock v. State*, 656 N.E.2d 273, 276 (Ind.Ct.App. 1995)). Farris' commission of offenses in Rood's name throughout the country was not related in time, place, or circumstance. *See* I.C. § 35–50–1–2(b). The only common element in each of the offenses was Farris' use of Rood's name. Moreover, Farris bore the burden of demonstrating the other offenses, whether reduced to a conviction or pending, were related in time, place, and circumstance. Here, Farris failed to identify which offenses in his criminal history were related to the present offense and why the trial court should have considered these offenses as an episode of criminal conduct. Therefore, we reject Farris' invitation to apply I.C. § 35–50–1–2 in order to reduce his sentence. *See O'Connell,* 742 N.E.2d at 950.

■ A sentence that is authorized by statute will not be revised unless it is inappropriate in light of the nature of the offense and the character of the offender. *See* App. R. 7(B); *Kien v. State,* 782 N.E.2d at 416. When considering the appropriateness of the sentence for the crime committed, courts should initially focus upon the presumptive sentence. *Rodri-*

*guez,* 785 N.E.2d at 1179. Trial courts may then consider deviation from the presumptive sentence based upon a balancing of the factors, which must be considered pursuant to I.C. § 35–38–1–7.1(a) together with any discretionary aggravating and mitigating factors found to exist. *Id.*

In the instant case, the nature of the offense and the character of Farris clearly support an enhanced sentence. Initially, the trial court focused upon the presumptive sentence. Then, the trial court deviated from the presumptive sentence based upon the proper identification of three aggravating factors. *See id.; See Kien,* 782 N.E.2d at 411. As determined above, the trial court properly rejected Farris' proffered mitigating factors. *See Powell,* 751 N.E.2d at 317. Therefore, the trial court properly enhanced Farris' sentence for forgery as a Class C felony from the presumptive sentence of four years to the maximum sentence of eight years. Consequently, we find that the trial court appropriately sentenced Farris. *See* App. R. 7(B); *Kien v. State,* 782 N.E.2d at 416.

### CONCLUSION

Based on the foregoing, we conclude that the trial court appropriately sentenced Farris to the maximum sentence of eight years for forgery as a Class C felony.

Affirmed.

BAKER, J., and MATHIAS, J., concur.

---

**2.** An episode of criminal conduct is defined as an offense or series of offenses closely related in time, place, and circumstance. *See* I.C. § 35–50–1–2(b).