**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**VICTORIA CHRIST**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RICHARD A. CHILDRESS, JR.,          )
                                    )
    Appellant-Petitioner,           )
                                    )
        vs.                  )          No. 45A03-1206-PC-246
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Respondent.            )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
The Honorable Natalie Bokota, Magistrate
Cause No. 45G01-1106-PC-7

**November 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Case Summary and Issue

Richard Childress appeals the post-conviction court's denial of his petition for post-conviction relief. Childress raises one consolidated issue on appeal: whether he was denied the effective assistance of his trial and/or appellate counsel. Concluding that he was not denied the effective assistance of either his trial or appellate counsel, we affirm.

Facts and Procedural History

In September 2008, Childress and others were charged with multiple crimes, following the beating and robbing of James Angrove in two locations over the course of one night that month. See Childress v. State, 938 N.E.2d 1265, 1266-67 (Ind. Ct. App. 2010), trans. denied. In brief, Childress and Natasha Jakima went to Randall Nalborczyk's home in Merrillville where Nalborczyk purchased drugs for his and Jakima's use from Childress. Nalborczyk realized he did not have money to make the purchase, and Jakima then called a chat line and spoke to James Angrove and invited him to meet her and another woman at Maurice Hardy's home in Gary. Once he arrived, Jakima led Angrove to a bedroom, and then a group of men brandishing guns barged in. The men threatened and repeatedly struck Angove, and demanded money. After different attempts to get money from Angrove through credit cards and wire transfers, the group eventually drove Angrove to Nalborczyk's home, where Angove transferred money over the phone via Western Union. Nalborczyk and another man went to Western Union to retrieve the money, and Nalborczyk told an employee to call the police to rescue Angrove. Childress was arrested at Nalborczyk's house.

A jury found Childress guilty of one count of robbery and one count of criminal confinement. Childress was sentenced to consecutive terms of nine years for each count,

2

for a total of eighteen years. Childress filed a direct appeal based on admission of a piece of evidence, and we affirmed his conviction. Id. Childress then filed a petition for post-conviction relief, claiming he received ineffective assistance of counsel based on the consecutive sentences and admission at trial of an out-of-court statement. The post-conviction court issued findings of fact and conclusions of law and denied his request for relief. This appeal followed. Additional facts will be supplied as necessary.

<u>Discussion and Decision</u>

I. Standard of Review

To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Thacker v. State, 715 N.E.2d 1281, 1284 (Ind. Ct. App. 1999), trans. denied. A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, which is error that leaves us with a definite and firm conviction that a mistake has been made. Benefield v. State, 945 N.E.2d 791, 797 (Ind. Ct. App. 2011). We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not defer to the post-conviction court's conclusions of law. Id.

We review claims of ineffective assistance of counsel under the two prongs set forth in Strickland v. Washington, 466 U.S. 668 (1984). Bieghler v. State, 690 N.E.2d 188, 192 (Ind. 1997), cert. denied, 525 U.S. 1021 (1998). The same standard applies to claims of ineffective assistance of trial or appellate counsel. Id. To prevail on a claim of ineffective assistance of counsel, Childress must show that his counsel's performance fell below an objective standard of reasonableness as determined by prevailing norms, and

3

that the lack of reasonable representation prejudiced him. Randolph v. State, 802 N.E.2d 1008, 1013 (Ind. Ct. App. 2004), trans. denied. To satisfy the first prong, the petitioner must show that counsel's performance was deficient in that counsel's representation fell below an objective standard of reasonableness and that counsel committed errors so serious that petitioner did not have the "counsel" guaranteed by the Sixth Amendment. Reed v. State, 856 N.E.2d 1189, 1195 (Ind. 2006). To show prejudice, the petitioner must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Pruitt v. State, 903 N.E.2d 899, 906 (Ind. 2009).

Under this standard, judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Bieghler, 609 N.E.2d at 192 (citing Strickland, 466 U.S. at 698). Counsel is afforded considerable discretion in choosing strategy and tactics and we will accord that decision deference. Randolph, 802 N.E.2d at 1013. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. Id. Additionally, ineffective assistance is very rarely found in cases where a defendant asserts that appellate counsel failed to raise an issue on direct appeal. Reed, 856 N.E.2d at 1196. One reason for this is that the decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel. Id.

Finally, we note that the two prongs of the Strickland test are separate and independent inquiries. Therefore, if it is easier to dispose of an ineffectiveness claim on

the ground of lack of sufficient prejudice, we may determine the prejudice prong first without inquiring into whether counsel's performance was adequate. Thacker v. State, 715 N.E.2d 1281, 1284 (Ind. Ct. App. 1999), trans. denied.

## II. Ineffective Assistance of Counsel

### A. Trial Counsel

#### 1. Hearsay

Childress's first contention is that he was denied the effective assistance of counsel when his trial counsel failed to object to the admission of an out-of-court statement that Childress claims was inadmissible hearsay. The statement in question was part of Nalborczyk's testimony. He testified that Jakima was talking to Childress as everyone was waiting for Angrove to show up, and Jakima was worried that the second girl, who was supposed to meet Angrove with her, was not there yet. Jakima told Childress that if the other girl did not show up, they might have to go back to their original plan and just rob Angrove when he arrived. Jakima did not testify herself at Childress's trial. Childress's trial counsel did not object to this statement, and it was never raised on appeal.

Childress claims that the statement was hearsay and was not admissible as the statement of a co-conspirator under Indiana Evidence Rule 801(d)(2)(E), that his rights to confrontation were violated by its admission, and that there is a reasonable probability that the outcome of the trial would have been different had the statement been excluded. We disagree.

We believe that the facts and circumstances show that Jakima was a co-conspirator, and so the statement would be admissible under Indiana Evidence Rule

5

801(d)(2)(E). For the sake of argument however, let us assume that the statement in question was hearsay and did not qualify as a statement of a co-conspirator. Even so, there was enough other evidence presented against Childress from which the jury could have determined that he was guilty even without Nalborczyk's statement.

Nalborczyk testified that Childress was present with a gun in both the Merrillville and Gary houses where the crimes took place that night, and that Childress was the person who put Angrove in the trunk of the car to move him between the locations. Angrove himself testified that Childress pushed him into a room and held a gun to his head. Angrove also testified that someone was sitting on the steps to the basement while he was held in the basement, and that he was told that person was armed; Hardy testified that Childress was the person sitting on the basement steps. Hardy also testified that Childress had a weapon for at least a couple of the hours spent in Merrillville, and that Childress and Jakima were in charge. Hardy testified that he saw Childress with Angrove's credit cards. And, interestingly, Hardy also testified to apparently the same conversation at issue here, in which he heard Jakima and Childress say that they would just rob Angrove. Upon Childress's objection to that testimony, the trial court allowed the testimony because it fit the criteria for a statement by a co-conspirator.

Given all of the evidence against Childress, including the fact that essentially the same statement that is at issue here was admitted over objection as part of Hardy's testimony, Childress has failed to convince us that there is any reasonable probability that the result of the trial would have been any different had the statement in question been

6

excluded.[1]  Childress has failed to meet the second prong of the Strickland test for ineffective assistance of counsel, and the evidence does not lead unmistakably to a conclusion opposite that reached by the post-conviction court.

## 2. Sentencing

Childress also claims that he was denied the effective assistance of counsel when his trial counsel failed to object to the imposition of consecutive sentences. The trial judge has discretion in determining a sentence, guided by Indiana Code section 35-38-1-7.1. Powell v. State, 751 N.E.2d 311, 314-15 (Ind. Ct. App. 2001). A single proper aggravating factor is sufficient to support an enhanced sentence. Id. at 315. Even where the trial court considers improper aggravators in imposing a sentence, the sentence will be affirmed if it is otherwise supported by a legitimate aggravator. Id. A court considers aggravating and mitigating factors when determining whether terms of imprisonment will be served consecutively or concurrently. Ind. Code § 30-50-1-2.

In sentencing Childress to consecutive terms, the court relied on three aggravating factors: 1) that Childress committed separate offenses within a short period of time; 2) evidence presented at trial indicating that Childress was involved in the distribution of

---

[1] The statement also does not implicate the confrontation clause of the Sixth Amendment to the U.S. Constitution because the statement was not testimonial. See Pendergrass v. State, 913 N.E.2d 703, 706 (Ind. 2009) (discussing what constitutes testimonial evidence, including in-court testimony, formalized materials such as affidavits, and statements which would lead an objective witness to believe that the statement would be available for use at a later trial) (citing Crawford v. Washington, 541 U.S. 36, 51 (2004)), cert. denied, 130 S. Ct. 3409 (2010). Further, while Article 1, section 13 of the Indiana Constitution provides a right to confrontation that is not necessarily identical to that of the federal constitution, our supreme court has declined to support claims based on the Indiana Constitution's right to confrontation where the claim failed under the federal standard and the appellant did not provide an argument for why analysis under the Indiana Constitution would be any different. Turner v. State, 953 N.E.2d 1039, 1055 n.8 (Ind. 2011) ("However, Turner has not explained and offers no argument as to why an analysis of the Indiana constitution concerning the testimonial character of a statement is or should be any different than the federal analysis. Our conclusion concerning Turner's federal constitutional claim applies equally to his state constitutional claim.").

cocaine; and 3) that the entire event took place over the course of several hours and at various locations.

Childress seems to attack both the first and the third factor, although only really addresses the third factor. Childress claims that the third factor regarding various locations was inappropriate because the jury acquitted Childress of some of the charges and "[t]he jury probably followed counsel's argument and based their verdicts on the acts that Angrove testified were committed by Childress in Merrillville" and therefore acquitted Childress of the acts committed in Gary. Brief of Petitioner at 12. However, we do not speculate as to the wisdom, motive, or reasoning of the jury in reaching its verdict. Wallace v. State, 492 N.E.2d 24, 25 (Ind. 1986). We cannot speculate here as to which evidence the jury used to find Childress guilty and whether it involved both locations. However, even if we exclude this aggravating factor, we are left with two other factors.

If we disregard the acquitted charges, Childress was still guilty of two crimes— robbery and confinement—in a short period of time, which supports the first factor. It was also not inappropriate for the court to consider evidence indicating Childress was involved in distribution of cocaine, as factor two. Singer v. State, 674 N.E.2d 11, 14 (Ind. Ct. App. 1996) ("Uncharged misconduct is a valid sentence aggravator.").

Because the court more than met the requirement of having at least one valid aggravating factor to support sentencing a defendant to consecutive terms, we cannot say that there is any reasonable probability of a different outcome had counsel objected to the sentencing. Childress has again failed to meet the second prong of Strickland, and we conclude that his trial counsel did not provide ineffective assistance.

### B. Appellate Counsel

Finally, Childress claims that he was denied the effective assistance of appellate counsel when appellate counsel failed to raise the admission of Nalborczyk's testimony and the consecutive sentences on appeal. We reiterate our starting point of a presumption of reasonable professional assistance, and that counsel is afforded considerable discretion in choosing strategy, including the strategic choice of which issues to present on direct appeal. See Reed v. State, 856 N.E.2d 1189, 1196 (Ind. 2006).

On appeal, we will review errors not preserved at trial only if they rise to the level of fundamental error. Townsend v. State, 632 N.E.2d 727, 730 (Ind. 1994). To qualify as fundamental error, an error must be a clear and substantial blatant violation of basic and elementary principles which renders the trial unfair to the defendant. Id. Fundamental error is error that if not corrected would deny the defendant due process. Ward v. State, 519 N.E.2d 561, 562 (Ind. 1988).

Because trial counsel did not object to Nalborczyk's testimony, appellate counsel could only have raised the issue on appeal by arguing that it constituted fundamental error. Here, for the reasons outlined above, it is clear that the testimony issue did not rise to the level of fundamental error. As the post-conviction court noted, appellate counsel cannot be held ineffective for failing to pursue an issue that was procedurally unavailable. Further, while we may correct sentencing errors on appeal even if the issue was not raised below, Barnett v. State, 834 N.E.2d 169, 173 (Ind. Ct. App. 2005), as we concluded above, the trial court here provided sufficient valid aggravating factors to impose consecutive sentences and so there was no error in sentencing.

Additionally, at the post-conviction relief hearing, appellate counsel said that even in retrospect, she did not think that she should have raised the testimony or sentencing issues on appeal. Even if counsel had made the strategic decision to appeal these two issues, for the reasons outlined above we do not agree that there is a reasonable probability that the outcome of appeal would have been any different. Childress was not denied the effective assistance of appellate counsel.

## Conclusion

Concluding that Childress was not denied the effective assistance of either trial or appellate counsel, and that the evidence does not lead to a result unmistakably opposite to that reached by the post-conviction court, we affirm.

Affirmed.

BAKER, J., and BRADFORD, J., concur.