**Tracy WESTMORELAND,
Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 06A01–0206–CR–215.**

Court of Appeals of Indiana.

May 9, 2003.

Deborah K. Smith, Martin & Smith Attorney General of Indiana, Thorntown, IN, Attorney for Appellant.

Steve Carter, Monika Prekopa Talbot, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Tracy Westmoreland (Westmoreland), appeals the sentence imposed on him by the trial court.

We reverse.

*ISSUES*

Westmoreland raises two issues on appeal, which we restate as follows:

1. Whether the trial court properly evaluated his aggravating and mitigating factors when it imposed an enhanced sentence;

2. Whether the trial court imposed a manifestly unreasonable sentence.[1]

*FACTS AND PROCEDURAL HISTORY*

In April of 2000, Westmoreland and M.D. had a relationship. M.D. was fourteen years old at the time and Westmoreland was seventeen years old. One day Westmoreland and M.D. walked down to a bridge near Harney School in Boone County, Indiana. While at the bridge, Westmoreland pushed M.D.'s head down, placed his penis inside of her mouth, and forced her to perform oral sex on him. M.D. reported the incident in February of 2001.

On November 2, 2001, the State filed an information against Westmoreland charging him with Count I, criminal deviate conduct, a Class A felony; Ind.Code § 35–42–4–2(a)(1); Count II, sexual battery, a Class D felony, I.C. § 35–42–4–8(a)(1); and Count III, criminal confinement, a Class D felony, I.C. § 35–42–3–3(1).

On February 26, 2002, a guilty plea hearing was held and Westmoreland knowingly and voluntarily pled guilty to Count I, criminal deviate conduct. The trial court accepted his guilty plea and the plea agreement. The plea agreement provided that in exchange for Westmoreland's plea of guilty for criminal deviate conduct as a Class B felony, the remaining charges would be dismissed. The plea agreement also stated that the sentence imposed on him would be left to the discretion of the trial court.

On April 23, 2002, a sentencing hearing was held, pursuant to the plea agreement. During the sentencing hearing, the trial court found that the aggravating factors outweighed the mitigating factors and sentenced Westmoreland to the Department of Correction for the maximum period of twenty years.

Westmoreland now appeals. Additional facts will be provided as necessary.

*DISCUSSION AND DECISION*

I. *Balancing of Aggravating and Mitigating Circumstances*

At the outset, we note that sentencing decisions are within the trial court's discretion, and will be reversed only upon a showing of abuse of discretion. *Powell v. State*, 751 N.E.2d 311, 314 (Ind. Ct.App.2001). The trial court's sentencing discretion includes the determination of whether to increase presumptive penalties. *Madden v. State*, 697 N.E.2d 964, 967 (Ind. Ct.App.1998), *trans. denied*. In doing so, the trial court determines which aggravating and mitigating circumstances to consider, and is solely responsible for determining the weight to accord each of these factors. *Perry v. State*, 751 N.E.2d 306, 309 (Ind.Ct.App.2001). The sentencing statement must: (1) identify significant aggravating and mitigating circumstances; (2) state the specific reason why each circumstance is aggravating and mitigating; and (3) demonstrate that the aggravating and mitigating circumstances have been weighed to determine that the aggravators outweigh the mitigators. *Powell*, 751

1. On July 19, 2002, our Supreme Court amended Appellate Rule 7(B) effective January 1, 2003. The rule is directed to the reviewing court and sets forth the standard for that review. That review is made as of the date the decision or opinion is handed down. Accordingly, although the sentence here was imposed prior to January 1, 2003, our review has taken place as of this date and the "inappropriate" test is therefore applied.

N.E.2d at 315. We examine both the written sentencing order and the trial court's comments at the sentencing hearing to determine whether the trial court adequately explained the reasons for the sentence. *Id.* A sentence enhancement will be affirmed, if after due consideration of the trial court's decision, this court finds that the sentence was appropriate in light of the nature of the offense and the character of the offender. *See* App. R. 7(B); *See Rodriguez v. State,* 785 N.E.2d 1169, 1179 (Ind.Ct.App.2003).

Westmoreland argues that he was improperly sentenced. Specifically, Westmoreland contends that the trial court failed to properly balance the mitigating and aggravating circumstances when imposing his sentence. Additionally, Westmoreland maintains that the trial court improperly relied on aggravating factors to enhance his sentence.

In the present case, Westmoreland received a twenty-year sentence for his conviction. The presumptive sentence for a Class B felony is ten years, with not more than ten years added for aggravating circumstances, and not more than four years subtracted for mitigating circumstances. *See* I.C. § 35–50–2–5. In support of its sentence, the trial court noted the following mitigating factors:

> The Court at this time in reviewing the Presentence Investigation Report [PSI] would first of all find that, and the Court will consider as a mitigating factor, [Westmoreland's] age, not only at the time that this crime was committed, but at the time of sentencing. The Court does recognize that [Westmoreland] has admitted his crime in this matter and therefore saved at least the family, the, the trials and tribulations of, and the emotional circumstances that would surround a trial. The Court also finds a mitigating factor that there would be a hardship upon [Westmoreland's] depen-

dent, but quite frankly the Court in that situation, tends to not give a great deal of weight to that particular mitigating factor, because quite frankly, we could say the same thing if a person had been convicted of a Capital Murder. To execute them would in fact be a hardship upon a [dependent]. And it does not mean that the Court, although it recognizes the hardship upon [dependent], does not give heavy weight to that particular mitigating factor.

(Transcript pp. 24–25). Additionally, the trial court stated the following as aggravating circumstances:

> The Court does find aggravating factors, among them being the age of the victim in this case, who was fourteen (14) at the time the offense was perpetrated. The Court does find that [Westmoreland] has a criminal history that included a conviction for Possession of Marijuana, a conviction for Battery as an adult, and as well had a rather active juvenile history that included violence. I don't know which he was convicted of or held adjudicated on the January 14th, [1999]. The charge was Battery Intimidation and Disobedience. So there was a crime that would appear to show violence in his juvenile history. The Court finds that these aggravating factors do outweigh the mitigating factors.

(Tr. pp. 25–26).

Westmoreland argues that the trial court improperly characterized his prior criminal history as an aggravating circumstance. In the instant case, the record reflects that the PSI report contained significant errors. In particular, the report indicated that Westmoreland was on probation at the time that he committed the instant offense. However, he was not on probation at this time. Additionally, the presentence report indicated that Westmoreland was charged with possession of

marijuana. However, a line was subsequently drawn through that charge on the PSI report. Nevertheless, the trial court found that Westmoreland's prior criminal record consisted of three separate juvenile adjudications for battery, intimidation, and disobedience. Further, Westmoreland's prior criminal record consisted of adult convictions for possession of marijuana and battery.

 Our decisional law requires that the trial courts identify all "significant" aggravating circumstances. *See e.g., Widener v. State,* 659 N.E.2d 529 (Ind.1995); *Hammons v. State,* 493 N.E.2d 1250 (Ind. 1986). Significance varies based on the gravity, nature and number of prior offenses as they relate to the current offense. *Wooley v. State,* 716 N.E.2d 919, 932 (Ind.1999). For example, a criminal history comprised of a prior conviction for operating a vehicle while intoxicated may rise to the level of a significant aggravator at a sentencing hearing for a subsequent alcohol-related offense. *Wooley,* 716 N.E.2d at 932. However, this criminal history does not command the same significance at a sentencing hearing for murder. *Id.*

In the present case, Westmoreland was charged with criminal deviate conduct, sexual battery and criminal confinement. Pursuant to a plea agreement, Westmoreland was only convicted of criminal deviate conduct. The record reveals that Westmoreland's prior criminal offenses were misdemeanors. The record is devoid of evidence that Westmoreland's prior battery conviction is related in kind to the instant case. Moreover, given the errors in the presentence report, it is difficult for this court to specifically determine Westmoreland's true prior criminal history. *See Davenport v. State,* 689 N.E.2d 1226, 1232 (Ind.1997) (where a trial court may treat a defendant's juvenile record as an aggravating circumstance if the presen-

tence investigation report contains specifics as to juvenile criminal activity and those specifics support evidence of a history of criminal activity.) Therefore, we conclude that, in this case, a criminal history comprised of misdemeanors that are unrelated to the present offense are not significant aggravators in the context of a sentencing hearing for criminal deviate conduct. *See Wooley,* 716 N.E.2d at 932.

 In the instant case, the trial court properly identified significant mitigating circumstances in its oral sentencing statement. The significant mitigating circumstances were as follows: 1) Westmoreland's age, which was seventeen at the time the offense was committed; 2) Westmoreland's plea of guilty; and 3) the hardship on Westmoreland's family. The trial court stated that although it recognizes the hardship upon Westmoreland and his family, it did not give heavy weight to that particular mitigating factor. We find that this was improper.

 Specifically, the trial court is not required to find that a defendant's incarceration would result in undue hardship upon his dependents. *See Allen v. State,* 743 N.E.2d 1222, 1237 (Ind.Ct.App. 2001), *reh'g. denied, trans. denied.* Only when the trial court fails to find a significant mitigator that is clearly supported by the record is there a reasonable belief that it was overlooked. *Kien v. State,* 782 N.E.2d 398, 415 (Ind.Ct.App.2003). Such is the case here. The record indicates that Westmoreland recently was married and became a father. Additionally, Westmoreland recently gained employment to provide for his new family. Given these circumstances, we find that the trial court did not properly attach weight to this proffered mitigating circumstance. *Kien,* 782 N.E.2d 398.

■ With the above in mind, it is our determination that the trial court abused its discretion when sentencing Westmoreland. *See Powell,* 751 N.E.2d at 314. Here, the trial court failed to demonstrate that the aggravating and mitigating circumstances were weighed to determine that the aggravators outweighed the mitigators. *Id.* at 315. As determined above, there was only one valid aggravating circumstance in the present case, M.D.'s age at the time of the offense. However, there were three valid mitigators of significant weight. Thus, it appears that the trial court should have considered the significant mitigating circumstances in order to reduce the presumptive sentence. Therefore, we find that the trial court improperly evaluated Westmoreland's aggravating and mitigating circumstances when it imposed an enhanced sentence. Nevertheless, Westmoreland also asserts that his sentence is manifestly unreasonable. Therefore, we will address sentencing further in the following section under an inappropriate sentence analysis.

## II. *Inappropriate Sentence*

■ A sentence, which is authorized by statute, will not be revised unless it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B); *Buchanan v. State,* 767 N.E.2d 967, 972–73 (Ind.2002); *Rodriguez,* 785 N.E.2d at 1179. When considering the appropriateness of the sentence for the crime committed, courts should initially focus upon the presumptive sentence. *Rodriguez,* 785 N.E.2d at 1179. Trial courts may then consider deviation from the presumptive sentence based upon a balancing of the factors, which must be considered pursuant to I.C. § 35–38–1–7.1(a) together with any discretionary aggravating and mitigating factors found to exist. *Id.*

■ The presumptive sentence is meant to be the starting point for the trial court's consideration of the sentence that is appropriate for the crime committed. *See Lander v. State,* 762 N.E.2d 1208, 1214–15 (Ind.2002). As mentioned above, Westmoreland pled guilty to the charge of criminal deviate conduct, a Class B felony. The presumptive sentence for a Class B felony is ten years, with not more than ten years added for aggravating circumstances, and not more than four years subtracted for mitigating circumstances. *See* I.C. § 35–50–2–5. Here, the trial court sentenced Westmoreland to the maximum sentence of twenty years for his conviction.

■ When reviewing whether a defendant was properly sentenced, we consider whether the sentence is appropriate considering the "nature of the offense" and the "character of the offender." *See* App. R. 7(B); *Rodriguez,* 785 N.E.2d at 1174. In considering the "nature of the offense," the maximum enhancement permitted by law should be reserved for the very worst offenses and offenders. *See Borton v. State,* 759 N.E.2d 641, 648 (Ind.Ct.App. 2001). The record reflects that the trial court found that Westmoreland had committed other offenses and violated probation. However, Westmoreland's history of criminal activity was limited to misdemeanors and an offense for possession of marijuana. As our supreme court has previously stated, a relatively minor criminal history comprised of offenses unrelated to the present offense cannot be considered significant. *Wooley,* 716 N.E.2d at 929. As determined above, the trial court improperly relied upon Westmoreland's prior criminal history in enhancing his sentence. Thus, taking into consideration Westmoreland's limited prior criminal history, the non-violent nature of his prior offenses, and his youth at the time of the offense,

we find that the maximum sentence imposed by the trial court was inappropriate. *See* App. R. 7(B); *Buchanan,* 767 N.E.2d at 972–73.

 In addition to reviewing the traditional balancing of aggravating and mitigating circumstances, we review the sentence to assure that it is constitutionally proportionate to the "character of the offender." *Borton v. State,* 759 N.E.2d 641, 648 (Ind.Ct.App.2001). This court is mindful of the principle that "the maximum sentence enhancement permitted by law should be reserved for the very worst offenses and offenders." *Id.* We find that Westmoreland does not fall into this category. Here, neither the nature of the offense nor the character of the offender supports an enhanced sentence. *See Rodriguez,* 785 N.E.2d at 1180. Therefore, with the above in mind, we find that the maximum sentence imposed by the trial court was inappropriate. Thus, we reduce Westmoreland's sentence to the presumptive sentence of ten years.

### CONCLUSION

Based on the foregoing, we conclude that the trial court improperly evaluated Westmoreland's aggravating and mitigating circumstances and, therefore, the sentence was inappropriate. Accordingly, we reduce Westmoreland's sentence to the Indiana Department of Correction to the presumptive sentence of ten years.

Reversed for resentencing purposes.

BAKER, J., and MATHIAS, J., concur.