**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DAVID W. STONE**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PARIS KNOX, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1203-CR-214 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Rudolph R. Pyle, III, Judge
Cause No. 48C01-1101-FB-111

**October 10, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Following a guilty plea, Paris Knox was convicted of unlawful possession of a firearm by serious violent felon ("unlawful possession"), a Class B felony, and sentenced to fifteen years. Knox appeals his sentence, raising two issues for our review: whether the trial court abused its discretion in sentencing Knox, and whether Knox's sentence is inappropriate in light of the nature of the offense and his character. Concluding the trial court did not abuse its discretion and Knox waived appellate review of the appropriateness of his sentence, but in any case his sentence is not inappropriate, we affirm.

## Facts and Procedural History

Knox and his cousin, Devin Benford, had a dispute over money that Knox claimed Benford owed to him. On January 5, 2011, Knox and Benford exchanged words. That evening, Benford answered his apartment door and Knox entered carrying a forty-five caliber handgun. Knox struck Benford in the head with the handgun. A struggle ensued, and Benford was able to push Knox out the door and lock it. Benford heard several gunshots outside his door. When police arrived, they found a vehicle sitting in front of Benford's residence with bullet holes in it and recovered two spent and two live forty-five caliber shell casings. Benford identified Knox as the man who was at his apartment and struck him with the handgun.

Police went to Knox's apartment and recovered a forty-five caliber semi-automatic handgun. Forensic analysts determined that Knox's fingerprints were on the handgun and that the handgun had fired the spent shell casings. Knox claimed the handgun fired

when he used the gun, presumably as a blunt instrument, to break the vehicle's windows and then when he tried to clear a jammed round.

The State charged Knox with Class B felony unlawful possession, Class C felony battery by means of a deadly weapon, Class D felony pointing a firearm at another person; and Class D felony criminal recklessness. Knox pleaded guilty to unlawful possession; the sentence was left open to the trial court. In return for Knox's plea, the State agreed to dismiss the remaining charges.

Before his unlawful possession plea, Knox's criminal history included a 2003 Class A misdemeanor for resisting law enforcement, 2004 Class A misdemeanor for possession of marijuana, 2004 Class A misdemeanor for carrying a handgun without a license, 2005 Class D felony for intimidation, a 2006 Class B felony for dealing cocaine, and a 2006 Class B felony for conspiracy to commit dealing cocaine. Knox also had two violations of probation and one revocation of probation.

On February 22, 2012, the trial court held a sentencing hearing. The trial court determined that Knox's "extensive criminal history," including his prior commitments to the Department of Correction and probation violations, was an aggravating factor. Transcript at 30. The trial court also recognized Knox's guilty plea and acceptance of responsibility as mitigating factors. After determining that the aggravating factor outweighed the mitigating factors, the trial court imposed an enhanced sentence of fifteen years. Knox now appeals his sentence.

## Discussion and Decision

### I. Abuse of Discretion in Sentencing

#### A. Standard of Review

Sentencing decisions lie within the discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." Id. (quotation and citation omitted). A trial court may abuse its discretion by failing to enter a sentencing statement, entering findings of aggravating and mitigating factors unsupported by the record, omitting factors clearly supported by the record and advanced for consideration, or giving reasons that are improper as a matter of law. Id. at 490-91. However, "[t]he relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse." Id. at 491.

#### B. Sentencing Pursuant to the Advisory Sentencing Scheme

Knox, previously convicted of dealing cocaine and conspiracy to commit dealing cocaine in Indiana, possessed a firearm, thus committing Class B felony unlawful possession, to which he pleaded guilty. See Ind. Code § 35-47-4-5(c). "A person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years." Ind. Code § 35-50-2-5. Finding that Knox's criminal history as an aggravating factor outweighed his guilty plea and acceptance of responsibility as mitigating factors, the trial court imposed an enhanced sentence of fifteen years.

4

Knox first argues that the trial court abused its discretion in relying upon his criminal history as a significant aggravating factor because his criminal record differs in both nature and gravity from his current unlawful possession conviction. If a trial court uses aggravating or mitigating factors to enhance the presumptive sentence, it must identify all significant mitigating and aggravating factors. Patterson v. State, 846 N.E.2d 723, 727 (Ind. Ct. App. 2006). Significance varies based on the gravity, nature, and number of prior offenses as they relate to the current offense. Wooley v. State, 716 N.E.2d 919, 929 n.4 (Ind. 1999) (explaining that a prior conviction for operating a vehicle while intoxicated has more significance at a sentencing hearing for a subsequent alcohol-related offense than for murder). There is no requirement that a criminal history be violent, Allen v. State, 722 N.E.2d 1246, 1253 (Ind. Ct. App. 2000), or contain felony convictions, see McNew v. State, 822 N.E.2d 1078, 1081 n.5 (Ind. Ct. App. 2005).

Knox's criminal history shows a pattern of disregarding the law. Since age eighteen in 2003, Knox has accumulated three felony convictions, three misdemeanor convictions, two violations of probation, and one revocation of probation. Knox analogizes his case to Harris v. State, 897 N.E.2d 927 (Ind. 2008), and Westmoreland v. State, 787 N.E.2d 1005 (Ind. Ct. App. 2003); however, neither case applies. In Harris, the court determined that two theft felonies and various traffic violation misdemeanors were "manifestly different in nature and gravity" from felony child molestation. 897 N.E.2d at 930. In Westmoreland, the court noted that a criminal record of misdemeanors, "devoid of evidence that [a] prior battery conviction [was] related in kind to the instant case," was not a significant aggravator in the context of criminal deviate conduct. 787 N.E.2d at 1010. However, in this case, Knox's convictions do relate to his Class B

5

felony unlawful possession in both gravity and nature. Knox has three other felony convictions; further, his convictions for resisting law enforcement, carrying a handgun without a license, intimidation, and dealing cocaine/conspiracy relate to violence and firearms.

Second, Knox argues that the trial court abused its discretion in considering his 2006 Class B felony convictions as predicates for his present unlawful possession conviction and also as aggravating factors to enhance his sentence.[1] Knox's argument fails for two reasons. First, it only takes one qualifying conviction to attain the status of a serious violent felon; Knox has two such convictions: dealing cocaine and conspiracy to commit dealing cocaine. See Ind. Code § 35-47-4-5. Even if Knox were correct, one conviction could be used as the predicate for the serious violent felon status[2] and the other as an aggravating factor. Second, the same qualifying conviction that is used as the predicate for a unlawful possession conviction may also be used as an aggravating factor from the criminal record. Stokes v. State, 947 N.E.2d 1033, 1037 (Ind. Ct. App. 2011), trans. denied.

Third, Knox argues that he failed to receive a substantial benefit for his guilty plea. Although "not every plea of guilty is a significant mitigating circumstance that must be credited by a trial court," Trueblood v. State, 715 N.E.2d 1242, 1257 (Ind. 1999), cert. denied, 121 S.Ct. 143 (2000), here the trial court treated Knox's guilty plea as a mitigating factor. Further, in return for Knox's plea, the State dismissed the three other

---

[1] Knox lumps his 2006 convictions for dealing cocaine and conspiracy to commit dealing cocaine as a singular "cocaine felony drug offense" however, such convictions are distinct felonies. Brief of Appellant at 5.

[2] Although Knox's Class D felony of intimidation does not qualify as a serious violent felony under Indiana Code section 35-47-4-5, both of his Class B felonies qualify.

felony charges. Such dismissal substantially benefitted Knox because it reduced the possible sentence that could be imposed on him.

Therefore, the trial court did not abuse its discretion in imposing the fifteen-year sentence on Knox.

## II. Inappropriate Sentence

### A. Standard of Review

A reviewing court may revise a sentence "if, after due consideration of the trial court's decision, [it] finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B).

### B. Nature of Knox's Offense and Character

We first note that Knox waived appellate review of the appropriateness of his sentence. The burden is on the defendant to demonstrate that his sentence is inappropriate in light of both the nature of his offense and his character. Williams v. State, 891 N.E.2d 621, 623 (Ind. Ct. App. 2008) (noting that it would be within the court's discretion to determine that the defendant had waived review under Appellate Rule 7(B) because the defendant failed to present a cogent argument regarding inappropriateness in light of his character); see also Ford v. State, 718 N.E.2d 1104, 1107 n.1 (Ind. 1999) (finding waiver).

Knox recites the standard for appellate review under Appellate Rule 7(B) but fails to make an argument why his sentence is inappropriate in light of his character. Instead, Knox focuses only on the propriety of the trial court's use of his criminal record as it relates in nature to his current crime and the "routine" and "[un]remarkable" nature of his

7

crime. Br. of Appellant at 3, 7. Therefore, Knox has waived his request for review under Appellate Rule 7(B).

Even if Knox had properly requested review under Rule 7(B), his sentence is not inappropriate. While committing the offense, Knox hit Benford in the head with the handgun and, after Benford pushed Knox out of his apartment, shot a vehicle sitting in front of the residence. As previously discussed, Knox's criminal record shows a pattern of disrespect for the law. Since his first arrest at age eighteen, less than ten years ago, Knox has been convicted of three felonies and three misdemeanors. Thus, in light of the nature of his offense and his character, Knox's sentence is not inappropriate.

## Conclusion

We conclude the trial court did not abuse its discretion in sentencing Knox and although Knox waived appellate review of the appropriateness of his sentence, his fifteen-year sentence is not inappropriate. Therefore, we affirm.

Affirmed.

BAKER, J., and BRADFORD, J., concur.