TyRay McCRAY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A04–0405–CR–271.

Court of Appeals of Indiana.

March 10, 2005.

Paul D. Stanko, Appellate Public Defender, Crown Point, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

TyRay McCray (McCray) appeals his sentence by the trial court after he pled guilty pursuant to a plea agreement.

We affirm.

### ISSUES

1. Whether, pursuant to Blakely and Apprendi, the trial court erred in imposing a sentence greater than the presumptive, based on aggravators found by the trial court.

2. Whether the 18–year sentence was an appropriate sentence for McCray after having committed confinement, a class B felony.

### FACTS

On November 27, 2002, McCray was charged by information in Count I, murder; Count II, murder in perpetration of a robbery; Count III, robbery, as a Class A felony; Count IV, attempted robbery, as a Class B felony; and Count V, attempted robbery, as a Class B felony. Later, the information was amended to include confinement, as a Class B felony.

On September 25, 2003, McCray and the State entered into a plea agreement. As part of that agreement, McCray agreed to

plead guilty to confinement, as a Class B felony, and the State was to dismiss the other five counts; and, sentencing was left to the discretion of the trial court, with both sides free to argue sentencing. The parties stipulated to the following facts which established the factual basis for confinement, as follows:

1. That TyRay A. McCray, ..., is the defendant in Cause # 45G04–0211–MR–00012.

2. That Joseph Martinez, Jason Martinez, George Cabrales, and Eric Graves are the victims in Cause # 45G04–0211–MR–00012.

3. That on November 3, 2002, Defendant and his accomplices, Reginald West and Cameron Hardiman, were in the vicinity of the 3500 block of Guthrie Street in East Chicago, Indiana; that also in the vicinity of the 3500 block of Guthrie Street in East Chicago, Indiana were Joseph Martinez, Jason Martinez, George Cabrales and Eric Graves.

4. That Defendant grabbed Jason Martinez and held onto him prohibiting him from leaving the area without the consent of Jason Martinez while Reginald West held a gun on the victims and Reginald West and Cameron Hardiman robbed and attempted to rob the victims.

5. That Reginald West then shot both Joseph Martinez and Jason Martinez; that Joseph Martinez dies as a result of the gunshot wounds; that Jason Martinez incurred serious bodily injury as a result of the gunshot wounds.

6. That Defendant did knowingly or intentionally confine Jason Martinez without Jason Martinez' consent resulting in serious bodily injury to Joseph Martinez and Jason Martinez and while his accomplice, Reginald West, was armed with a deadly weapon.

7. That all of these events occurred in Lake County, Indiana.

(App.35). McCray acknowledged in open court that the facts as presented in the stipulation were accurately stated.

After the court accepted the plea, it set the matter for sentencing and ordered a presentence investigation report (PSI). The sentencing hearing was held on April 15, 2004. The PSI was not included in the appeal to this court. However, the trial court read part of the PSI into the record, as evidenced by the ensuing. The PSI contained McCray's adult criminal history that included the following: 1) that he violated terms of probation when he was arrested on this matter; 2) that he had been convicted of disorderly conduct in 1999; 3) that in October, 2001, he was arrested and subsequently convicted of possession of cocaine, a Class D felony; 4) that a petition to revoke his probation had been filed; 5) that he was arrested in 2002 for possession of marijuana; 6) that he was arrested a second time for possession of cocaine; and 7) that also, as a juvenile, McCray, had a true finding for battery.

After arguments of counsel, the trial court found as aggravating factors: 1) that McCray was on probation when he committed the instant offense for which he was being sentenced; 2) his extensive criminal history; and 3) that he was in need of rehabilitation that could best be provided in a penal institution as other efforts to rehabilitate him had failed. McCray had argued in mitigation that he testified against his co-defendant, his young age, limited criminal history, and that he completed a substance abuse treatment while incarcerated. The trial court determined that McCray had testified falsely in the State's case against his co-defendant, and it would not consider the fact that he pled guilty as a mitigator because of his perjured testimony. The trial court then sen-

tenced McCray to an enhanced sentence of eighteen years for the offense of confinement, as a Class B felony.

## DISCUSSION

### 1. Blakely Sentencing Issue

■ McCray contends that the trial court's enhanced sentence of eighteen years for confinement violates the tenets of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). He argues that the aggravating factors, upon which the sentencing court relied to enhance his sentence above the presumptive sentence, were not proven beyond a reasonable doubt to a jury.[1] We disagree.

McCray voluntarily pled guilty to criminal confinement, as a Class B felony. In pertinent part, the sentencing statute for a Class B felony reads as follows:

> A person who commits a Class B felony shall be imprisoned for a fixed term of ten (10) years, with not more than ten (10) years added for aggravating circumstances or not more than four (4) years subtracted for mitigating circumstances....

Ind.Code § 35–50–2–5. Thus, the trial court imposed a sentence eight years greater than the presumptive sentence for a Class B felony in this case.

In *Blakely*,[2] the United States Supreme Court had determined that the Sixth Amendment "requires a jury to determine beyond a reasonable doubt the existence of aggravating factors used to increase the sentence for a crime above the presumptive sentence assigned by the legislature" as we found in *Patrick v. State*, 819 N.E.2d 840, 847 (Ind.Ct.App.2004). In *Patrick*, we outlined the sentencing guideposts within *Blakely*, as they relate to Indiana's sentencing scheme, as follows:

> Specifically, in *Blakely*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to jury, and proved beyond a reasonable doubt." [*Blakely*, 542 U.S. at ——, 124 S.Ct. at 2536] (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348 [147 L.Ed.2d 435] (2000))(emphasis added). The Court defined the "statutory maximum" as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 2537 (emphasis in original). "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id.* (emphasis in original). "Accordingly, it appears our trial courts no longer have discretion to sentence a criminal defendant to more than the presumptive sentence unless the defendant waives his right to a jury at sentencing, a jury first determines the existence of aggravating factors, or the defendant has a criminal history."

---

1. As has been stated in recent decisions by this court, as set forth in *Strong v. State*, 817 N.E.2d 256, 258–262 (Ind.Ct.App.2004), "[w]e reject the State's arguments that (1) [Defendant] has waived his *Blakely* challenge, and (2) *Blakely* does not implicate Indiana's sentencing scheme...." *Patrick v. State*, 819 N.E.2d 840, 847 (Ind.Ct.App.2004).

Also, with regard to applicability of *Blakely*, we note that new constitutional pronouncements must be applied to all cases still pending on direct review at the time the rule is announced. *See Griffith v. Kentucky*, 479 U.S. 314, 328 [107 S.Ct. 708, 93 L.Ed.2d 649] (1987); *see also United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

2. *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

[*Krebs v. State,* 816 N.E.2d 469, 475 (Ind.Ct.App.2004) ]. When a defendant enters a guilty plea, the State is free to seek judicial enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding. *Blakely* [542 U.S. at ——], 124 S.Ct. at 2541.

*Id.*

However, we find that *Blakely* has no effect on the sentencing enhancement in this case. During the guilty plea hearing the trial court specifically asked McCray if he had any felony convictions and he responded "Yeah, I got one ... [p]ossession of cocaine." (Tr. 6). At sentencing and after having reviewed the PSI, the trial court asked both the State and McCray if they had reviewed the PSI and if there were any corrections. Both affirmed that they had reviewed it and that it was correct. McCray's admission of having a prior felony conviction was confirmed by the PSI, as it contained the possession of cocaine conviction as well as other adult criminal convictions and a juvenile adjudication.

Therefore, McCray's criminal history, as contained in the PSI and his acknowledgement, in open court of a prior felony conviction were sufficient to support the enhancement of his sentence above the presumptive. *See Powell v. State,* 769 N.E.2d 1128, 1135 (Ind.2002). As a result, the enhancement in this case does not run afoul of *Blakely.*

### 2. *Appropriateness of Sentence*

 "At the outset, we note that sentencing decisions are within the trial court's discretion, and will be reversed only upon a showing of abuse of discretion." *Simmons v. State,* 814 N.E.2d 670, 676 (Ind.Ct.App.2004) (citing *Powell v. State,* 751 N.E.2d 311, 314 (Ind.Ct.App. 2001)).

McCray asserts that the sentence enhancement is inappropriate because the trial court refused to consider a valid mitigator. Specifically, he argues that the trial court was aware that he had testified against his co-defendant and the State was successful in obtaining a conviction for murder against him, yet, the trial court "refused to give [him] any mitigation for that testimony, finding, without additional comment, that 'defendant very clearly committed perjury during that trial.'" (McCray's Br. 10). McCray further attempts to minimize the effect of his criminal history as an aggravator by citing *Watson v. State,* 784 N.E.2d 515, 521 (Ind.Ct. App.2003) for the proposition that "a criminal history comprised of nonviolent misdemeanors unrelated to the instant offense were not significant aggravators in the context of a sentencing hearing for a violent offense." (McCray's Br. 10).

McCray's argument on this issue does not reflect the evidence in the record. First, we address McCray's testimony against his co-defendant. At the sentencing hearing, the State argued and presented evidence that, prior to the trial of his co-defendant, McCray had testified that he was a member of the Gangster Disciples Gang. However, during the trial of his co-defendant, in his testimony he denied being a member of a gang nor did he associate with people who were members of a gang. Furthermore, at the guilty plea hearing and pursuant to stipulation by the parties, McCray had admitted that he was holding down one of the victims when the victim was shot by his co-defendant. However, during the trial of his co-defendant, he denied holding down the victim and testified instead that he tried to talk the co-defendant out of shooting the victims. Based upon the foregoing, we do not find that the trial court abused its discretion when it determined that McCray had committed perjury and decid-

ed not to consider his guilty plea and testimony against his co-defendant as mitigating factors.

Second, McCray's argument regarding his nonviolent criminal history is not persuasive. "The sentencing statute makes any criminal history a possible and proper aggravator." *White v. State,* 756 N.E.2d 1057, 1062 (Ind.Ct.App.2001), *trans. denied.* Even acts committed by a juvenile that would constitute a criminal offense if committed by an adult may be used to support an enhanced sentence. *See Anderson v. State,* 798 N.E.2d 875, 875 (Ind.Ct.App.2003). All of McCray's criminal history was contained in the PSI, including an adjudication as a juvenile. McCray did not object to its accuracy; therefore, accepting it as correct, the trial court properly found his criminal history as an aggravator. McCray has failed to convince us that the trial court abused its discretion in this matter.

We affirm.

MAY, J., concurs.
BARNES, J., concurs in result.