**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MATTHEW J. MCGOVERN**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DENNIS J. RODENBERG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1201-CR-10 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert J. Pigman, Judge
Cause No. 82D02-1105-FB-519

**September 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Dennis Rodenberg ("Rodenberg") appeals his conviction, following a jury trial, of

Rape, a Class B felony.[1]

We affirm.

**Issues**

Rodenberg raises two issues for our review, which we restate as:

I.      Whether the prosecutor committed misconduct and deprived Rodenberg of a
        fair trial; and
II.     Whether Rodenberg was properly sentenced.

**Facts and Procedural History**

In May 2011, nineteen-year-old S.D. moved into Rodenberg's residence. Rodenberg

was not S.D.'s biological father, but previously had been married to S.D.'s mother for several

years. On May 14, 2011, S.D. returned to the residence at approximately 10:00 p.m., and

began drinking alcohol with Rodenberg. Feeling ill, she prepared for bed and changed her

clothes, putting on a t-shirt, bra, and shorts, but no underwear. She then went to a basement

bedroom where she vomited on the floor. Rodenberg went downstairs to check on her, and

offered to get her something to drink and eat. S.D. eventually fell asleep. When she awoke,

she realized that Rodenberg had pushed aside her shorts and was having sexual intercourse

with her. Panicked, she lay in the bed until Rodenberg finished.

After Rodenberg returned upstairs, S.D. left the residence through the back door and

went to her mother's home. S.D. and her mother returned to Rodenberg's house to retrieve

---

[1] Ind. Code § 35-42-4-1(a)(2).

S.D.'s personal belongings. S.D. called the police, and Officer Michelle Wilson arrived and arrested Rodenberg. Another police officer transported S.D. to the emergency room, where a nurse administered a sexual assault kit, which involved taking DNA and blood samples from S.D.'s body. An analysis of the results revealed the presence of seminal material, and a DNA forensic analyst determined that the profile of the extracted DNA matched Rodenberg.

On May 17, 2011, the State charged Rodenberg with Class B felony rape. A jury trial was conducted on November 21 and 22, 2011. At trial, Rodenberg did not testify, and defense counsel presented no evidence. The jury found Rodenberg guilty as charged of Class B felony rape.

On December 14, 2011, the trial court entered a judgment of conviction, held a sentencing hearing, and imposed the advisory sentence of ten years imprisonment.[2]

Rodenberg now appeals.

**Discussion and Decision**

Prosecutorial Misconduct

Rodenberg contends that the prosecutor committed misconduct by commenting on his failure to testify, and thus deprived him of a fair trial.

In her closing argument, defense counsel suggested alternate theories which could explain the evidence presented by the State. Defense counsel then invoked one of the court's final jury instructions[3] and argued that, based on the suggested alternate theories, two

---

[2] I.C. § 35-50-2-5.

[3] In part: "If the evidence in this case is susceptible of [sic] two different interpretations, each of which

3

different inferences could be drawn from the evidence, and the jury should choose the inference that pointed to Rodenberg's innocence. During rebuttal argument, the prosecutor observed that the statements made and theories proffered by defense counsel did not constitute evidence. He stated:

> I agree with what [defense counsel] says on the Court's instruction if the evidence in this case is susceptible to two different interpretations. That's a very key point. The evidence in this case. What I say to you and what [defense counsel] says to you is not evidence. That's just argument and I ask you to look through your notes to remember which witness that we had up here on the stand that told you that the way that [S.D.] said this happened to her was physically impossible. And I urge you to look through your notes to try to find a witness that the State put up here on the stand that testified as to whether there would be lubrication, sexual lubrication or not. And I urge you to look through your notes to remember which witness that we put up on the stand to talk about that this would be painful or that there would be injuries or that there would be blood.
> The reason why I'm challenging you to do that is because you're not going to find it and that's what this instruction means. It says the evidence. That the evidence is susceptible to two different interpretations. The evidence is what the state presented to you. The alternate theory is what [defense counsel] presented to you and that's not what this instruction says. It doesn't say that if the evidence and the alternate theory is [sic] susceptible to two different interpretations. It says the evidence.

> . . .

> If the evidence in the case is susceptible to two different interpretations. You don't have two different interpretations. You have [S.D's] testimony that when she awoke, when she became aware at – the first time his penis was already inside her.

(Tr. at 380, 381, 383.) Defense counsel neither objected to these comments, nor moved for an admonishment or mistrial.

To review a properly preserved claim of prosecutorial misconduct we must determine

---

appears to you to be reasonable, and one of which points to the guilt of the defendant, and the other to his innocence, it is your duty, under the law, to adopt that interpretation which will establish the defendant's innocence, and reject that which points to his guilt." (App. at 59; Tr. at 361.)

4

whether the prosecutor engaged in misconduct, and if so, whether the misconduct had a probable persuasive effect on the jury's decision, and whether there were repeated occurrences of misconduct, which would evince a deliberate attempt to improperly prejudice the defendant. Ritchie v. State, 809 N.E.2d 258, 268-69 (Ind. 2004), reh'g denied, cert. denied.

Failure to object to alleged prosecutorial misconduct precludes appellate review of the claim unless the alleged misconduct amounts to fundamental error. Booher v. State, 773 N.E.2d 814, 817 (Ind. 2002). To demonstrate fundamental error, the defendant must establish not only prosecutorial misconduct, but also the additional grounds for fundamental error. Id. at 818. Fundamental error is an extremely narrow exception that allows a defendant to avoid waiver of an issue. Cooper v. State, 854 N.E.2d 831, 835 (Ind. 2006). To be fundamental error, the misconduct must have made a fair trial impossible, or have been a clearly blatant violation of basic and elementary principles of due process presenting an undeniable and substantial potential for harm. Booher at 817 (internal quotation and citations omitted).

The Fifth Amendment to the United States Constitution prohibits the State from commenting at trial on a defendant's failure to testify in his own defense. Owens v. State, 937 N.E.2d 880, 893 (Ind. Ct. App. 2010), reh'g denied, trans. denied. Such a comment violates a defendant's privilege against compulsory self-incrimination if a jury could reasonably interpret the comment as an invitation to draw an adverse inference from a defendant's silence. Id. However, if the comment, in its totality, addresses evidence other

than the defendant's failure to testify, it is not grounds for reversal. Id. The prosecutor may, for example, comment that the State's evidence is uncontradicted without violating the defendant's Fifth Amendment rights. Id.

We observe that the prosecutor's remarks were made during the rebuttal phase of closing arguments. In her own closing argument, defense counsel focused on a purported lack of evidence of at least one element of the crime, and she suggested alternate theories which could explain the evidence presented by the State. Next, she argued that, based on the possible alternate theories, two different inferences could be drawn from the evidence, and the jury should choose the inference that pointed to Rodenberg's innocence.

Prosecutors are entitled to respond to allegations and inferences raised by the defense, even if the prosecutor's response otherwise would be objectionable. Cooper, 854 N.E.2d at 836. Here, the prosecutor's response was permissible.

Sentence

Rodenberg was convicted of Rape, a Class B felony. A Class B felony carries a sentencing range of six years to twenty years, with a statutory advisory sentence of ten years. I.C. § 35-50-2-5. During the sentencing hearing, the trial court identified the following aggravating circumstances: (1) Rodenberg's position of trust over the victim; (2) Rodenberg's prior criminal record; and (3) Rodenberg's provision of alcohol to the victim. The court identified the hardship on Rodenberg's family as a mitigating circumstance. The court sentenced Rodenberg to ten years imprisonment.

Rodenberg contends that the trial court abused its discretion by identifying as

6

aggravators his position of trust over the victim and his prior criminal record, and that the sentence is inappropriate in light of the nature of the offense and his character.

*Abuse of Discretion*

A sentence, as long as it is within the statutory range, is subject to review only for abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds, 875 N.E.2d 218 (Ind. 2007). This includes the finding of aggravating circumstances. Id. at 490. A trial court abuses its discretion if its reasons and circumstances for imposing a particular sentence are clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Hollin v. State, 877 N.E.2d 462, 464 (Ind. 2007). When imposing a sentence for a felony, the trial court must enter a sentencing statement that includes "a reasonably detailed recitation of . . . [its] reasons for imposing a particular sentence." Anglemyer, 868 N.E.2d at 490. While the reasons given must be supported by the record and must not be improper as a matter of law, a trial court's sentencing order may no longer be challenged as reflecting an improper weighing of sentencing factors. Id. at 491.

Rodenberg alleges that there is insufficient evidence to support the aggravator of his position of trust, and that the trial court abused its discretion when it identified his criminal history as an aggravator. We find evidentiary support for the position of trust aggravator in that S.D. was Rodenberg's former step-daughter, and was welcomed into his home because of this relationship.

Rodenberg further alleges that the court abused its discretion by considering his prior

7

criminal record as an aggravator. However, "[t]he sentencing statute makes any criminal history a possible and proper aggravator." McCray v. State, 823 N.E.2d 740, 745 (Ind. Ct. App. 2005). See also I.C. § 35-38-1-7.1(a)(2).

To the extent Rodenberg argues that the trial court accorded too much weight to the aggravators, Anglemyer prohibits a veiled attempt to have aggravators and mitigators reweighed. Accordingly, we decline to do so.

*Improper Sentence*

Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), even though a trial court may have acted within its lawful discretion in determining a criminal sentence. Reid v. State, 876 N.E.2d 1114, 1116 (Ind. 2007). One of the main roles of appellate review is to "leaven the outliers." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). An appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." App. R. 7(B). Sentencing is principally discretionary, and we give considerable deference to a trial court's judgment. Cardwell, 895 N.E.2d at 1222. Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances. See id. at 1224. Appropriateness may turn on the culpability of the defendant, the severity of the crime, the damage done to others and myriad other factors that come to light in a given case. Id.

As to the nature of his offense, Rodenberg urges us to take into account that his

conduct lacked the brutality sometimes present in other sexual offenses, given that he never struck or beat his victim, or threatened her with violence. Yet, while arguing that there is no evidence of aggravating circumstances in the manner of his commission of this offense, Rodenberg admits that rape is always an insidious and devastating crime. (Appellant's Br. at 20.) Furthermore, Rodenberg took advantage of his position of trust over his stepdaughter when he provided her with alcohol and raped her. Thus, we conclude that the nature of Rodenberg's offenses warrant the advisory sentence set forth by our legislature.

As to Rodenberg's character, we acknowledge that prior to the offense committed here, he was the primary care-giver for his mother, who relied on him for upkeep of house and yard work, and her other needs; assisted in the care of his sister's autistic child; assisted his wheelchair-bound nephew with physical therapy and teaching him to walk; and has only one misdemeanor conviction for theft, reduced from a Class D felony to a Class A misdemeanor. However, taken together with the nature of his offense, none of this so distinguishes Rodenberg as to warrant reduction of his sentence from the advisory term of ten years. Thus, we cannot agree with Rodenberg's argument that his ten-year sentence is inappropriate.

**Conclusion**

Rodenberg waived his claim of prosecutorial misconduct on appeal. Nevertheless, the prosecutor's statements were neither misconduct nor fundamental error. We further conclude that the trial court did not abuse its discretion in considering aggravators and mitigators, and that Rodenberg's sentence is not inappropriate in light of the nature of the offenses and his

9

character.

Affirmed.

RILEY, J., and CRONE, J., concur.