**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**HILARY BOWE RICKS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KENNETH COMPTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1301-CR-90 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt Eisgruber, Judge
Cause No. 49G01-1201-FB-3730

**August 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Kenneth Compton ("Compton") appeals his sentence following his guilty plea to Class B felony robbery,[1] Class B felony criminal confinement,[2] and Class B felony unlawful possession of a firearm by a serious violent felon ("SVF").[3]

We affirm.

## ISSUE

Whether the trial court erred in sentencing Compton.

## FACTS

On January 13, 2012, Compton and an accomplice went to a Speedway gas station in Marion County. Compton, while armed with a handgun, forced a Speedway employee from the grill area to the cash register and then took cash, cigarettes, and lottery tickets. At the time of this offense, Compton had four prior convictions for Class B felony robbery under three separate cause numbers and was on parole from those robbery convictions.

On January 18, 2012, the State charged Compton with Class B felony robbery, Class B felony criminal confinement, and Class B felony unlawful possession of a firearm by a SVF.[4]

---

[1] Ind. Code § 35-42-5-1.

[2] I.C. § 35-42-3-3.

[3] I.C. § 35-47-4-5.

[4] The State alleged that Compton was a SVF based on one of his prior robbery convictions.

On December 10, 2012—the day of Compton's jury trial and as the jury was in the hallway—Compton pled guilty, without a written plea agreement, to all three counts as charged. When discussing Compton's open plea, the trial court discussed the sentencing potential for his plea:

THE COURT: All right. There are three counts -- robbery as a class B felony, criminal confinement as a class B felony and then unlawful possession of a firearm by a serious violent felon -- that's a class B felony. You understand that under some circumstances three class B felonies could be stacked on top of one another and result in a 60 year sentence -- you understand that but based on the facts of this case -- the way it's charged and I think the parties have discussed this -- they mentioned it to me that you're really looking at a six year to 20 year window, all right -- any disagreement with that from the State?

[PROSECUTOR]: No, Judge.

THE COURT: All right. And that's defense's understanding?

[DEFENSE COUNSEL]: Yes, it is, Your Honor.

THE COURT: All right. But you're lookin [sic] at a six to 20 years, all right.

DEFENDANT: Yes, sir.

(Tr. 4-5). Thereafter, the parties laid a factual basis for Compton's three offenses, and the trial court stated that it would enter judgment of conviction on the three counts.[5]

The trial court held a sentencing hearing on January 9, 2013. During the sentencing hearing, Compton's counsel acknowledged that Compton's "criminal history

---

[5] The trial court, however, did not enter judgment of conviction on criminal confinement in the abstract of judgment. We note that after the trial court determined that the factual basis was sufficient, it stated that the evidence was "sufficient" and found Compton "guilty" of the three counts, as opposed to accepting his guilty plea to those counts. (Tr. 18).

3

[was] lengthy" and stated that "[t]here [was] no way that [he] can try to sidestep that and certainly Kenneth [Compton] [was] not trying to." (Tr. 34). Compton's counsel asked the trial court to impose a sentence of sixteen (16) years with ten (10) years executed, four (4) on community corrections, two (2) years suspended with one (1) year on probation. The State requested the trial court to impose a sentence of twenty (20) years executed. When the trial court indicated that it was going to merge the criminal confinement conviction into the robbery conviction and sentence Compton on the robbery conviction and the unlawful possession of a firearm by a SVF conviction, Compton's counsel and the prosecutor indicated that they believed that the unlawful possession of a firearm by a SVF conviction would also merge into the robbery conviction. Specifically, the following exchange occurred between the trial court, the prosecutor, and Compton's counsel:

| [PROSECUTOR]: | Judge, I believe that they all merge. |
| --- | --- |
| [DEFENSE COUNSEL]: | That would be my -- |
| THE COURT: | So 3 into 1? |
| [DEFENSE COUNSEL]: | Yes, that would be my belief as well, Judge and I think we actually -- |
| THE COURT: | I think [Count] 3 can stand on its own though can't it -- it's kind of a status situation. |
| [PROSECUTOR]: | It is, however, the B felony robbery has a weapon as its -- |
| [DEFENSE COUNSEL]: | Involved. |
| [PROSECUTOR]: | -- is what elevates it to a B felony so -- |

4

| | |
|---|---|
| THE COURT: | Yeah -- you know, I was lookin [sic] at the case law on that. I think -- I think they can stand on their own by virtue of their status but -- and I didn't find anything otherwise. I did find some cases where they ran 'em [sic] on a burglary, as serious violent felon and a habitual. The problem always seems to be the habitual and the serious violent felon as opposed to runnin [sic] consecutive on the underlying and the serious violent felon so I think the Court of Appeals views 'em [sic] differently but I'll take it all into consideration but you feel they ought to merge as well? |
| [DEFENSE COUNSEL]: | Yeah, I -- also [the prosecutor] and I, I think, said as much right -- on the record prior to -- |
| THE COURT: | Guilty plea? |
| [DEFENSE COUNSEL]: | -- Mr. Compton pleading open contemplating the plea so -- |
| THE COURT: | Okay. |
| [DEFENSE COUNSEL]: | -- I just wanted to put that out there. |
| THE COURT: | All right. But I haven't seen any case law that says I can't do it which is interesting. |
| [DEFENSE COUNSEL]: | My argument, I guess, would -- would be the same as the State's -- that it's the gun that gets him to the B robbery. |

(Tr. 32-33). When imposing Compton's sentence, the trial court stated:

Okay. All right. Thanks. I've heard argument of counsel and I'll proceed to sentencing. The -- and I think I've already spoken my peace, Mr. Compton -- I mean, the folks out in the community -- the victims of these robberies view you as an evil person. I think -- you know, the mere mention of an armed robber makes people think you're an evil person. I'm not necessarily convinced of that but you are a high risk to our community so my sentence will be a punitive sentence. The question in my mind falls back to this -- do I stack that serious violent felon? I know the opinion of

5

counsel but it would give me more time to -- to work with and I'm not sure I can't do it because of the -- the nature of the charge but I guess I won't go there in this one. I do think the State's sentence is appropriate. It's a 20 year sentence at the Department of Corrections. I do so based on that criminal history -- repeating the same behavior is troubling so that's an aggravator. The other aggravator is obviously you were on parole when this happened. It wasn't me that sentenced you last time. This is my first interaction with you as far as a case goes. That was the previous judge but she gave you a ten year sentence and could argue that that was a lite [sic] sentence -- maybe it was a plea agreement, I don't know but somehow we gotta [sic] break you out of this cycle and right now the only way I see it is to -- to keep you at the DOC for that 20 years. I -- I think this recognizes that you did plead open. I think the aggravators outweigh those mitigators. I'm going to run [Count] 2 [criminal confinement] into [Count] 1 [robbery]. I'm going to run the serious violent felon concurrent but it'll be the same 20 year sentence so they'll run under Count 1 which is the robbery lead charge.

(Tr. 34-35). Thus, the trial court imposed an aggregate twenty (20) year executed sentence. Compton now appeals.

## DECISION

Compton argues that the trial court erred in sentencing him. Specifically, Compton contends that: (a) the trial court abused its discretion in its finding of aggravators; and (b) his sentence is inappropriate.

A. Abuse of Discretion

Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* A trial court may

6

abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490–91.

Compton suggests that the trial court abused its discretion by using his criminal history as an aggravating circumstance. Compton also takes issue with the trial court's reference to needing to break Compton's "cycle" of committing crimes. (Compton's Br. 6). Specifically, Compton contends that he did not engage in a "cycle" of robberies because he was sentenced on the same day for his four robbery convictions that stemmed from three cause numbers. (Compton's Br. 6).

We find no abuse of discretion in the trial court's use of Compton's criminal history—which included three juvenile adjudications and five adult felony convictions— as an aggravating circumstance. A defendant's criminal history is a proper aggravating circumstance. *See McCann v. State*, 749 N.E.2d 1116, 1119 (Ind. 2001). Moreover, "'[t]he sentencing statute makes any criminal history a possible and proper aggravator.'" *McCray v. State*, 823 N.E.2d 740, 745 (Ind. Ct. App. 2005) (quoting *White v. State*, 756 N.E.2d 1057, 1062 (Ind. Ct. App. 2001), *trans. denied*). *See also* I.C. § 35–38–1– 7.1(a)(2). Indeed, Compton's counsel admitted during the sentencing hearing that Compton had a "lengthy" criminal history and acknowledged that it would inevitably be deemed an aggravating circumstance. (Tr. 34). Finally, Compton's argument questioning that trial court's reference to Compton's "cycle" of crime is merely an

argument of semantics and amounts to nothing more than a challenge to the aggravating weight that the trial court assigned to his criminal history, which we will not review. *See Anglemyer*, 868 N.E.2d at 491 (explaining that the relative weight assigned to aggravators is not subject to appellate review). Thus, we conclude that the trial court did not abuse its discretion by considering Compton's criminal history as an aggravating circumstance.[6]

B. Inappropriate Sentence

Compton contends that a twenty-year sentence was inappropriate because he "had only failed on one prior attempt at rehabilitation through incarceration[.]" (Compton's Br. 8).

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged

---

[6] Compton also suggests that the trial court abused its discretion in sentencing Compton because his convictions for robbery and unlawful possession of firearm by a SVF would violate the prohibition against double jeopardy. However, our Indiana Supreme Court has held that a defendant waives his challenge to the propriety of his convictions, including challenges on double jeopardy grounds, when he enters a guilty plea. *See, e.g.*, *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004); *Lee v. State*, 816 N.E.2d 35, 40 (Ind. 2004); *Davis v. State*, 771 N.E.2d 647, 649 n.4 (Ind. 2002); *Mapp v. State*, 770 N.E.2d 332, 334 (Ind. 2002); *Games v. State*, 743 N.E.2d 1132, 1135 (Ind. 2001); *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind. 1996). Thus, by pleading guilty, Compton has waived any direct appeal challenge to his convictions based on double jeopardy grounds. Instead, the proper procedure for such a challenge would be through filing a petition for post-conviction relief. *See Mapp*, 770 N.E.2d at 333–34 (holding that a direct appeal is not the proper procedural avenue for a defendant to attack a guilty plea on double jeopardy grounds and that the proper venue for challenging a plea agreement is the filing of a petition for post-conviction relief).

with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id.* at 1224.

When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. The sentencing range for a class B felony is between six (6) and twenty (20) years, with the advisory sentence being ten (10) years. I.C. § 35-50-2-5.

Here, on the day of Compton's jury trial, he pled guilty as charged. There was no written plea agreement; instead, Compton pled guilty to the three Class B felonies pursuant to an open unwritten plea.[7] From the limited record before us, it appears that the prosecutor and defense counsel orally agreed that Compton would face a maximum sentence of twenty years. At sentencing, the trial court found Compton's criminal history and the fact that Compton was on parole from numerous robbery convictions at the time of his offenses to be aggravating circumstances. The trial court found that his guilty plea was a mitigating circumstance but that it was outweighed by the aggravating

---

[7] We note that Indiana Code § 35-35-3-3(a) requires that a plea agreement on a felony charge be made "in writing" and "before the defendant enters a plea of guilty." Recently, we explained that "'[t]he purpose behind [Indiana Code § 35-35-3-3] is to insure that a defendant does not base his guilty plea upon certain promises made by the prosecutor where the judge has in fact not accepted the [S]tate's recommendation.'" *Gil v. State*, 988 N.E.2d 1231, 1234 n.2 (Ind. Ct. App. 2013) (quoting *Davis v. State*, 418 N.E.2d 256, 260 (Ind. Ct. App. 1981)). However, we also explained that "failure to reduce an agreement to writing need not itself be deemed a sufficient ground for rejection" of a defendant's guilty plea. *Gil*, 988 N.E.2d at 1234 n.2 (quoting *Centers v. State*, 501 N.E.2d 415, 417–18 (Ind. 1986)).

9

circumstances. The trial court merged Compton's criminal confinement conviction into his robbery conviction. The trial court then imposed a twenty (20) year sentence for Compton's Class B felony robbery conviction and for his Class B felony unlawful possession of a firearm by a SVF conviction and ordered them to be served concurrently at the Department of Correction. Thus, Compton received an aggregate sentence of twenty years.

In regard to the nature of Compton's offenses to which he pled guilty, the record reveals that he went into a gas station and, while pointing a gun at an employee, forced her to the cash register. Compton then took cash, cigarettes, and lottery tickets. At the time of his crimes, Compton was a SVF, having been convicted of robbery in April 2008 and was on parole from that robbery conviction and from three other robbery convictions.

Compton attempts to minimize the nature of his offenses by arguing that there is "no evidence" that the Speedway employee was "in any way physically injured . . . or excessively terrorized . . . beyond the threat to shoot her if she did not cooperate[.]" (Compton's Br. 9). Compton's argument only serves to highlight the callous nature of his offense and his willingness to use a gun to intimidate and threaten the life of an innocent victim.

As to Compton's character, the record reveals that Compton—who was twenty-one years old at the time of his offenses—has amassed a criminal history that includes both juvenile adjudications and adult felony convictions. Compton has juvenile adjudications for battery, criminal conversion, disorderly conduct and adult convictions

for four Class B felony robberies and a Class D felony auto theft conviction.[8] Even more troubling, Compton was on parole from his multiple robbery convictions when he committed the crimes at issue in this case.

Additionally, Compton's history of alcohol and drug use despite prior treatment during his previous incarceration does not reflect positively on his character. The presentence investigation report reveals that Compton admitted to trying alcohol at the age of thirteen and to regularly consuming it since the age of sixteen. Compton also admitted to first smoking marijuana at the age of thirteen and regularly using it since that age. Compton, who was on parole, also admitted that he was under the influence of alcohol and marijuana at the time of his offenses. To be sure, Compton's history of criminal activity, commission of this crime while on parole, and admitted illegal drug use reflect poorly on his character and indicate nothing but a disregard for the law.

Compton has not persuaded us that his sentence is inappropriate. Therefore, we affirm the trial court's sentence.

Affirmed.

BARNES, J., and CRONE, J., concur.

---

[8] Compton was sentenced on these five felony convictions on April 18, 2008. He had five separate cause numbers, containing a total of fourteen charges. Compton pled guilty to these five convictions, and the State dismissed the remaining nine charges, which included Class C felony carrying a handgun without a license; Class D felony resisting law enforcement; Class D felony pointing a firearm; Class A misdemeanor resisting law enforcement; Class B felony conspiracy to commit robbery; Class B felony attempted robbery; Class C felony robbery; Class D felony theft; and Class A misdemeanor criminal trespass.

11