Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALLEN CLARK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1204-CR-188 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
The Honorable Nancy Broyles, Commissioner
Cause No. 49G05-0102-CF-40967

**December 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Allen Clark appeals his twenty-year sentence for class B felony Attempted Rape[1] and class A misdemeanor Battery.[2] On appeal, Clark contends that his sentence is inappropriate in light of the nature of his offense and his character.

We affirm.

On the evening of February 16, 2001, R.B. was walking home from a friend's house when she cut through an alley behind Rural Street in Indianapolis. In the alley, she encountered a man she did not know, who was later identified as Clark. R.B. continued on her way, but Clark approached her and told her "it wasn't safe for women to be out at nighttime." *Transcript* at 12. Clark then struck R.B. in the head, knocking her to the ground. R.B. screamed, but Clark told her "to get up and shut up before he kicked [her] in the face." *Id.* at 13. R.B. then got to her feet, and Clark pulled down her pants, turned her around, and forced her against a building. Clark attempted to penetrate R.B.'s vagina, but could not attain an erection. He repeatedly asked R.B. whether he was penetrating her, and R.B. lied and responded affirmatively in an attempt to get him to leave. Clark ejaculated on R.B. and then fled.

R.B. ran toward Rural Street, where she stopped a car and asked the driver to take her somewhere to use a phone. The driver took R.B. to a nearby convenience store, where R.B. called the police. R.B. was later transported to Wishard Hospital to undergo a sexual-assault examination. After conducting a preliminary investigation, Detective Kevin Shue prepared a

---

[1] Ind. Code Ann. § 35-41-5-1 (West, Westlaw current through 2012 2nd Reg. Sess.); Ind. Code Ann. § 35-42-4-1 (West, Westlaw current through 2012 2nd Reg. Sess.).

[2] I.C. § 35-42-2-1 (West, Westlaw current through 2012 2nd Reg. Sess.).

photo array and went to the hospital to speak with R.B.  R.B. identified Clark as her attacker, and subsequent DNA testing found Clark's semen on R.B.'s pants and swabs of her external genitalia taken during the sexual-assault examination.

Based on these events, the State charged Clark with attempted rape, criminal confinement, and battery.  Following a bench trial, the trial court found Clark guilty of attempted rape and battery, but not guilty of criminal confinement.  A sentencing hearing was held on August 21, 2001, and Clark was sentenced to concurrent terms of twenty years for attempted rape and one year for battery.

Pauper appellate counsel was appointed for Clark at the conclusion of his sentencing hearing, but for reasons that are unclear from the record, a direct appeal was not timely perfected.  Over ten years later, on March 9, 2012, Clark filed a petition for permission to file a belated appeal.[3]  After a hearing, the trial court granted Clark's petition on April 2, 2012.[4] This appeal ensued.

Clark's sole argument on appeal is that his sentence is inappropriate under Ind. Appellate Rule 7(B) in light of the nature of the offense and his character.  As a threshold issue, we must address the standard applicable to Clark's claim.  Clark committed these crimes and was convicted and sentenced in 2001, prior to the adoption of the current App. R. 7(B) in 2003.  Before App. R. 7(B) was adopted, its predecessor, Ind. Appellate Rule 17(B) called for the affirmance of a sentence unless it was manifestly unreasonable in light of the

---

[3] Clark was released on parole in February 2011, but subsequently committed another offense and was sent back to prison.
[4] The State does not appeal the trial court's order granting Clark's petition for permission to file a belated appeal.

nature of the offense and the character of the offender. *Singer v. State*, 674 N.E.2d 11 (Ind. Ct. App. 1996). This test is satisfied only by a showing that no reasonable person could find the sentence appropriate to the particular offense and offender. *Id.* Accordingly, the manifestly unreasonable standard under the former App. R. 17(B) is substantially more difficult to satisfy than the inappropriateness standard of the current App. R. 7(B).

In support of his argument that the inappropriateness test should apply, Clark directs our attention to *Kien v. State*, 782 N.E.2d 398 (Ind. Ct. App. 2003), *trans. denied*, a case decided very shortly after the adoption of App. R. 7(B). In that case, the defendant committed his crimes and was convicted and sentenced prior to the effective date of App. R. 7(B). Nevertheless, the court held that "[t]he rule is directed to the reviewing court and sets forth the standard for that review. That review is made as of the date the decision or opinion is handed down." *Id.* at 416 n.12. Thus, the court applied the App. R. 7(B) inappropriateness standard. *Kien v. State*, 782 N.E.2d 398; *see also Farris v. State*, 787 N.E.2d 979 (Ind. Ct. App. 2003) (applying App. R. 7(B) inappropriateness standard to the sentence for a crime committed prior to 2003).

The State, on the other hand, directs our attention to *Harlan v. State*, 971 N.E.2d 163 (Ind. Ct. App. 2012), in which this court reached the opposite conclusion. In *Harlan v. State*, the defendant committed multiple acts of child molestation between 1986 and 1994, but he was not convicted and sentenced until after the crimes were reported in 2009. Without addressing *Kien v. State*, this court applied the manifestly unreasonable standard set forth in the previous App. R. 17(B), holding that "Harlan's sentence must be judged by the standards

4

that were in effect when he committed his crimes." *Harlan v. State*, 971 N.E.2d at 171 n.3 (citing *Collins v. State*, 911 N.E.2d 700, 708 (Ind. Ct. App. 2009), *trans. denied.*).

Although we recognize that these cases are at odds, we need not resolve the conflict here because, even under the more lenient App. R. 7(B) standard, sentence revision is not warranted. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to App. R. 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State*, 917 N.E.2d 675, 693 (Ind. 2009), *cert. denied*, 131 S.Ct. 414 (2010). Nevertheless, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007).

Whether we regard a sentence as appropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Furthermore, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each

5

case." *Id.* at 1225. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

Clark received the maximum twenty-year sentence for class B felony attempted rape, along with a concurrent maximum one-year sentence for class A misdemeanor battery. Clark argues that the maximum sentence is inappropriate because he is not among the worst offenders. Ordinarily, the maximum possible sentence is most appropriate for the worst offenders. *Buchanan v. State*, 767 N.E.2d 967 (Ind. 2002). This is not, however, an invitation to determine whether a worse offender could be imagined. *Wells v. State*, 904 N.E.2d 265 (Ind. Ct. App. 2009), *trans. denied*. In stating that maximum sentences are ordinarily appropriate for the worst offenders, we refer generally to the class of offenses and offenders that warrant the maximum punishment, but this encompasses a considerable variety of offenses and offenders. *Id.* Accordingly, "[w]e concentrate less on comparing the facts of this case to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character." *Id.* at 274.

Considering the nature of the offense, we observe that Clark violently attacked R.B., striking her in the head and knocking her to the ground. When R.B. began screaming, he threatened to kick her in the face. Clark then forced R.B. to stand up, and he pushed her against a building and pulled her pants down. He then attempted to penetrate her vagina with

6

his penis, but he was unable to do so because he could not attain an erection. He eventually ejaculated on R.B., and then walked away and into nearby a liquor store.

In addition, Clark has a significant history of criminal and delinquent behavior. Clark has three juvenile adjudications, two for acts that would be disorderly conduct if committed by adult, and one for an act that would be theft if committed by an adult. Clark's adult criminal history began with two convictions of class A misdemeanor conversion and one conviction of class D felony theft in 1985, and another theft conviction in 1986. Clark violated the terms of his probation on the 1986 theft, and his probation was revoked. In 1986, Clark was convicted of class B felony rape and sentenced to thirteen years executed. Within a few months of being paroled in May of 2007, Clark committed another criminal offense—this time, he was convicted of class A misdemeanor battery for striking his sister in the head with an object. Clark's probation on the battery conviction was revoked after he was convicted of class D felony criminal recklessness for throwing a brick at his aunt. Clark was on both probation and parole at the time of the instant offenses.

Clark's criminal history evinces a pattern of physical and sexual violence against women, which is further borne out by his conduct while awaiting sentencing on the instant offenses. At Clark's sentencing hearing, evidence was presented that Clark made obscene remarks to a female correctional officer and grabbed her by her shirt and face, causing a laceration to her lip. As a result, Clark was charged with class D felony battery on a correctional professional. Moreover, by his own admission, Clark received numerous incident reports during his previous incarceration for rape. In light of the length and

7

seriousness of his criminal history, and particularly his previous rape conviction, we cannot conclude that Clark's efforts at obtaining mental-health and substance-abuse treatment are sufficient to redeem his character. Having considered the nature of the offense and the character of the offender, we cannot conclude that the maximum twenty-year sentence was inappropriate in this case.

Judgment affirmed.

NAJAM, J., and BRADFORD, J., concur.